[No. 3,608.]

## In Re BULGER, In Re MERRILL.

OFFICE CREATED BY THE LEGISLATURE.—The Legislature can abolish or change an office created by it, and it may extend or abridge the terms of its incumbents at pleasure.

CONSTRUCTION OF STATUTE.—If it appears from the language of an amendatory Act, and of the Act which is amended, that by the words "Board of Underwriters," used in the former, the Legislature meant "Board of Fire Underwriters," the Court will construe it as intended.

APPOINTMENT TO OFFICE.—The Legislature may confer the power of electing a Fire Commissioner in a city upon a Board of Fire Underwriters, which is a voluntary association of persons and not a corporation.

IDEM.—A change in the membership of such association does not take away its power of appointment, and the appointment may be made by a majority vote.

POWER OF APPOINTMENT TO OFFICE.—The Constitution does not prohibit the Legislature from conferring on a voluntary association of persons who are not citizens of the United States or electors of the city, the power to elect a person to fill an office created by the Legislature.

APPEAL from the District Court of the Nineteenth Judicial District, City and County of San Francisco.

The Court below awarded the office to Merrill, and Bulger appealed.

The other facts are stated in the opinion.

*Joseph M. Nougues*, for Appellant.

The appointment of respondent was not made by the body designated by the statute.

CAL. REPS. XLV—70

"We are bound," says Mr. Justice Buller, "to take the Act of Parliament as they have made it; a *casus omissus* can in no case be supplied by a Court of law, for that would be to make laws." (*Jones* v. *Smart*, 1 T. R. 44; *Priestman* v. *The United States*, 4 Dallas, 30; Sedgwick on Stat. and Const. Law, 311.)

Section six of Article eleven, provides: "All officers whose election or appointment is not provided for by this Constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the Legislature may direct."

This is an office not provided for by the Constitution; and it could be filled: First, by election by the people; second, by appointment by the Legislature; third, by appointment by such of the people as the Legislature may direct.

The power of appointment is a political power, and must of necessity be in the Legislature, or in the people, and the moment the power of appointment is diverted from one or the other, that moment the act attempting it is an invalid act. Otherwise the appointment, as the Legislature may direct, must be declared to mean that the power is in the Legislature, if it so pleases to grant the power of appointment to an insane person, or to an idiot, or to a person convicted of an infamous crime; each of whom are expressly debarred from the privileges of an elector by section five of Article two of the State Constitution.

The power of appointment, so far as the persons concerned may exercise it, must necessarily be akin to the privileges of an elector, viz: voting—or to the qualifications so far as allegiance is concerned of holding office.

*George B. Merrill* and *Wm. H. Patterson*, for Respondent.

It is too well settled to be disputed that the Legislature of the State of California possesses all power not reserved by the Constitution—in other words, that the Constitution is

a restriction, not a delegation of power.   (*Robinson* v. *Bidwell*, 22 Cal. 379; *People* v. *Seymour*, 16 Cal. 332; *State of California* v. *McCauley*, 15 Cal. 429; *Bourland* v. *Hildreth*, 26 Cal. 161; 17 Cal. 23.)

The office of Fire Commissioner in the City and County of San Francisco is not an office provided for or mentioned in the Constitution, but is the creation of a statute, hence the mode and manner of electing or appointing a person to act as such is wholly within the power of the Legislature. (*People* v. *Provines*, 34 Cal. 520.)

No provision of the Constitution expressly or by clear implication prohibits the Legislature from delegating to the Board of Underwriters the power to elect or appoint a Fire Commissioner.   (*Cohen* v. *Wright*, 22 Cal. 293.)   And, therefore, the statute cannot be declared unconstitutional.


By the Court, BELCHER, J.:

In March, 1866, an Act was passed by the Legislature to establish a Paid Fire Department for the City and County of San Francisco (Stats, 1865-6, p. 138), by which it was provided, among other things, that there should be a Board of Fire Commissioners of the city, consisting of five persons, two of whom were to be "appointed by the association known as the Board of Fire Underwriters of the City and County of San Francisco."   In March, 1870, an amendatory Act was passed (Stats. 1869-70, p. 303), by which the Legislature appointed three persons to act as Fire Commissioners, and authorized the Governor to appoint the other two.   It then provides that "the offices of Commissioners elected or appointed heretofore by the Board of Underwriters are hereby declared vacant."   It further provided that in the event of a vacancy occurring for any cause in the office of a Commissioner the Board of Supervisors of the city and county should declare the office of such Commissioner vacant

and then appoint a suitable person to fill such vacancy until the next ensuing general election. Under this last provision the appellant Bulger was appointed by the Board of Supervisors in March, 1872, to fill a vacancy which had occurred in the office of one of the Fire Commissioners. In April, 1872, another Amendatory Act was passed by the Legislature (Stats. 1871–2, p. 855), by which it was provided, among other things, that " the Fire Commissioner who was appointed by the Board of Supervisors of said city and county, on the 6th day of March, 1872, shall hold office until the 1st day of December, 1872; and prior to said first Monday in December, 1872, and every four years thereafter, the Board of Underwriters of said city shall appoint one Fire Commissioner, who shall hold office for the term of four years from the first Monday in December next succeeding his appointment."

In pursuance of the supposed authority of this Act the respondent Merrill, in August, 1872, was appointed a Fire Commissioner by the Board of Fire Underwriters of the City of San Francisco, and afterwards, in November, he was appointed to the same office by the Board of Marine Underwriters of that city. When the Act was passed, and thereafter, up to the commencement of this action, there was no Board of Underwriters in the City and County of San Francisco, except the Board of Fire and Marine Underwriters, by which the respondent was appointed. These Boards were voluntary associations, composed of the officers and agents of sixteen fire and fourteen marine insurance companies, doing business in the City and County of San Francisco. Of the fire companies, five were incorporated under the laws of this State, three in other States of the United States, and eight in foreign countries. The agents of four of the companies were changed after the passage of the Act and before the appointment of the respondent, and the newly appointed agents became members of the associa-

tion. At the time of the appointment of the respondent six of the companies had agents who were not citizens of the United States, and three others had agents who were not qualified electors of the City and County of San Francisco. The respondent received thirteen votes, one of which was cast by proxy, for his appointment, and was declared by the Board duly appointed.

The question presented for decision by the agreed case is as to which one of the parties, or whether either of them is now entitled, under the appointments made, to hold the office of Fire Commissioner of the City of San Francisco.

There can be no doubt that the appellant is not now entitled to the office. By the Act of April 1st, 1872, his term was made to terminate on the 1st day of December, 1872. The Legislature created the office, and it had full power to abolish or to change it, or to extend or abridge the terms of its incumbents at its pleasure.

But the appellant insists, if this be so, that the respondent is not entitled to hold the office, for the reason: First—That he was not appointed by any Board known as the "Board of Underwriters." Second—That the Board of Fire Underwriters and the Board of Marine Underwriters were unincorporated and unknown to the law, and therefore incapable of acting in any capacity. Third—That the appointment by the Board of Fire Underwriters was invalid, because some of the persons composing the Board at the time of the passage of the Act had gone out, and other persons had taken their places in it when the appointment was made. Fourth—That the Act is unconstitutional and void, because it authorized persons not citizens of the United States, and others not electors of the City and County of San Francisco, to participate in the appointment of a municipal officer of that city.

We do not think either of these positions can be maintained. The Act of March, 1866, authorized the

appointment of two Commissioners by the "Board of Fire Underwriters," and the Act of March, 1870, declared vacant the offices of those Commissioners who had been appointed by the "Board of Underwriters." In the latter Act "Board of Underwriters" is used instead of and as the equivalent for "Board of Fire Underwriters" in the former Act. We entertain no doubt that by the name of Board of Underwriters used in the Act of April, 1872, the Legislature also meant the Board of Fire Underwriters.

The Board of Fire Underwriters was an association of persons, and not a corporation; but we see nothing in that fact to prevent the members of the Board from performing the duties devolved upon them by the Act.

Section six of Article XI of the Constitution provides: "All officers whose election or appointment is not provided for by this Constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people or appointed as the Legislature may direct."

Nor is the objection sound that only those members of the Board could act who were members at the time of the passage of the Act. The Act provided for the appointment by the Board of one Fire Commissioner, at some time prior to the first Monday of December, 1872, and of one every four years thereafter, who is to hold office for the term of four years from the first Monday of December next succeeding his appointment. The Legislature must have contemplated that the membership of the Board might change from time to time, and must have intended to authorize such persons as should constitute its membership at any particular time to perform the duties with which the Board might then be charged by law. The Legislature must also have contemplated that in a body of sixteen men no one candidate would always receive a unanimous vote, and must have intended that an appointment might be made by a majority vote.

Equally untenable is the point that the Act is unconstitutional, because some of the members constituting the Board were not citizens.

The Constitution, as we have seen, authorized the appointment to be made "as the Legislature may direct," and in none of its provisions, so far as we know, is any limitation placed upon the exercise of this power.

The office to be filled was one connected with the Fire Department of the City of San Francisco. It may be for the interest of the department that one of the Commissioners should be selected by the representatives of the fire insurance companies doing business in that city. The Legislature so thought, and its decision in this respect is authoritative.

Judgment affirmed.