# ALEXANDER C. McCURDY

## vs.

## GEORGE JESSOP, Chief Game Warden,
### AND
## COUNTY COMMISSIONERS · FOR BALTIMORE COUNTY.

*County Commissioners: powers and duties; authority of Legislature over—; appointment to offices created by statute; upon the recommendation of some other incorporated body. Game wardens. Statutes: construction of—.*

The county commissioners of each of the counties of the State are a body clothed with a limited and special jurisdiction, deriving their authority only from statute and charged with the execution of the powers which the statute confers upon them.                                                    p. 322

Where the Constitution provides the method of filling offices, the Legislature may not provide for filling them in any other manner than the one so provided.                        p. 322

But where the Legislature creates an office by Act of Assembly, it may designate by whom and in what manner the office shall be filled.                                         p. 322

Section 17 of Chapter 338 of the Acts of 1914, requiring the County Commissioners of Baltimore County to appoint as game warden the person recommended by the Baltimore County Game and Fish Protective Association (a corporation), subject to its constitution and by-laws, was a valid exercise of legislative power. p. 323

Acts of Assembly are to be held valid and constitutional, unless so manifestly in conflict with some provision of the Constitution of the State that no discretion is left the courts but to decide against them. p. 323

Since the Act of 1914, in terms, refers to the constitution and by-laws of the Baltimore County Game and Fish Protective Association, and since the duty of the County Commissioners to make the appointment is made subject to the fact that the recommendation is made according to such constitution and by-laws, a petition for a mandamus to compel the County Commissioners to make such an appointment, must clearly set forth such constitution and by-laws, and it must be alleged and shown that the recommendation of the person it is sought to compel them to appoint was in compliance with such constitution and by-laws. p. 329

*Decided June 22nd, 1915.*

Appeal from the Circuit Court for Baltimore County. (McLane, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Pattison, Urner, Stockbridge and Constable, JJ.

*Harry M. Benzinger* and *Henry H. Dinneen,* for the appellant.

*T. Scott Offutt* (with whom was *Edward H. Burke* on the brief), for the County Commissioners, appellees.

*Wm. Grason* and *Noah E. Offutt,* for George Jessop, submitted the cause on the brief of the County Commissioners.

BRISCOE, J., delivered the opinion of the Court.

By section 17 of Chapter 338 of the Acts of 1914, it is provided that the County Commissioners of Baltimore County shall, on or before the 1st day of May, A. D. 1914, and every two years thereafter, appoint a game warden for Baltimore County, who shall be recommended to them by the Baltimore County Game and Fish Protective Association, incorporated March 16, 1911, subject to the constitution and by-laws of said association, and who shall hold office for two years, or until his successor shall have been appointed and qualified, whichever shall first occur. The person so appointed chief game warden for Baltimore County shall have been a resident and voted in said county for not less than four years next preceding his appointment.

The Act further provides the powers and duties of the game warden, fixes his salary, requires him to give bond in the penalty of four thousand dollars, and before entering upon the duties of his office to take and subscribe the oath prescribed by the sixth section of the First Article of the Constitution of the State. He may be removed by the County Commissioners, upon written charges, upon neglect or improper discharge of the duties of the office.

On or about the 1st of May, 1914, the Baltimore County Game and Fish Protective Association presented and recommended to the County Commissioners of that county the name of Dr. Alexander C. McCurdy of Baltimore County, the appellant here, for appointment for chief game warden of the county, under the provisions of the Act. The County Commissioners refused to appoint him, but appointed one George Jessop, the appellee, who had not been recommended or suggested by the association; and this is an application

by the petitioner for a writ of mandamus to compel the appellee, County Commissioners, to appoint and commission him as such game warden.

The Court below, upon hearing, held section 17 of Chapter 338 of the Act of 1914 to be invalid and unconstitutional, denied the relief sought and dismissed the petition with costs. From that order this appeal has been taken.

As the validity or invalidity of section 17 of the Act of 1914, is the vital question presented by the record, we shall dispose of it first.

It is clear, we think, that the meaning and purpose of section 17 of the Act was to require the County Commissioners of Baltimore County to appoint as game warden for that county the person who should be recommended to them by the Baltimore County Game and Fish Protective Association, if he possessed the qualifications required by the Act, and was brought within the provisions of the Act.

The Court below held the 17th section of the Act to be invalid upon the ground, first, that it was an invalid delegation of legislative power to a private corporation, and, second, that it was a special law in the interest of a few members of an association and not within the police power of the Legislature.

It is conceded that the Game and Fish Association of Baltimore County was duly incorporated under the laws of the State on the 10th day of March, 1911, and is subject to the limitations relating to corporations contained in the general laws of the State, and that the recommendation of the person for appointment as game warden must be made as required by the statute, "subject to the constitution and by-laws of the association."

By section 1 of Article 25 of the Code, it is provided that "The County Commissioners of each county in this State are declared to be a corporation and shall have the fullest power to appoint all officers, agents and servants required for county purposes not otherwise provided for by law or by the Constitution."

In *O'Brian* v. *County Commissioners,* 51 Md. 15, this Court said that the County Commissioners of each county of the State are a body clothed with a limited and special jurisdiction, deriving their authority only from statute and charged with the execution of the powers which the statute confers upon them, and *O'Brian's case* has been approved by numerous other decisions in this Court announcing the same doctrine; *Harford Co.* v. *Hause,* 106 Md. 439.

It was, therefore, clearly competent for the Legislature, by the Act of 1914, to create the office of game warden for Baltimore County and to vest the appointment in the County Commissioners of that county.

By section 17D of the Act it provided that all Acts and parts of Acts inconsistent therewith, sections or parts of Articles of the Code of Public or Local Laws of the State, be and the same are hereby repealed.

Was, then, the limitation upon the appointment of game warden, as fixed by the Act of 1914, an invalid exercise of legislative power and repugnant to the Constitution of the State? In other words, has the Legislature the power and authority to require the County Commissioners of Baltimore County to appoint to office a person recommended by a corporation in the manner and as provided by this Act?

In 29 *Cyc.* 1369, the general rule upon this subject is stated, as supported by authority: "The method of filling offices is to be determined by the Legislature in the absence of any constitutional provision on the subject; and the Legislature may, in the absence of any such provisions, provide that offices shall be filled by private corporations chartered by the authority of the State government, or by voluntary associations of individuals."

But where the Constitution has provided the method of filling offices, the Legislature may not provide for filling them in any other manner than that directed by the Constitution; 23 *A. & E. E. of Law,* 340, and cases there cited.

In *Davis* v. *State,* 7 Md. 151, this Court, in dealing with the legislative power to designate who shall fill an office.

said: "When the Legislature has created an office by Act
of Assembly, the Legislature can designate by whom and in
what manner the person who is to fill it shall be appointd."

In *Scholle* v. *State,* 90 Md. 729, we adopted the language
used in *Davis* v. *State, supra,* and held that the method of the
appointment of the medical boards did not affect the validity
of the law; *Baltimore* v. *State,* 15 Md. 376; *Clark* v. *Har-
ford Ag. & Breeders' Association,* 118 Md. 608; *Regent's
case,* 9 G. & J. 383; *State* v. *B. & O. R. R.,* 12 G. & J. 438;
*Slaughter House cases,* 16 Wall. 36; *C., B. & Q.* v. *Nebraska,*
170 U. S. 4; *Sturgis* v. *Spofford,* 45 N. Y. 446; *In re Bul-
ger,* 45 Cal. 553.

We can not, therefore, concur in the conclusion reached
by the learned Judge below, that section 17 of the Act of
1914 was an invalid exercise of legislative power. On the
contrary, we hold that his ruling in this respect was error,
and that the method and mode provided by the statute for
the appointment of the game warden was legal and valid.
The other objections urged against the statute are also with-
out force, and do not render the Act void or in violation of
any constitutional prohibition.

It is a plain and undoubted rule of construction, that Acts
of Assembly will be held to be valid and constitutional unless
so manifestly in conflict with some provision of the Consti-
tution of the State that no discretion is left to the courts but
to decide otherwise; *Baltimore City* v. *State,* 15 Md. 376;
*Beasley* v. *Ridout,* 94 Md. 650.

This brings us to the second question arising on the rec-
ord, and that is whether the Court below was right in refus-
ing the application for a mandamus upon the ground that
the petition was defective and insufficient in its allegations of
facts, and did not bring the petitioner within the provisions
and requirements of the Act of 1914 to justify the Court in
granting the writ.

It is well settled in an application for a mandamus that
all the facts necessary to the granting of the writ should be

stated in the petition; *Sudler* v. *Lankford,* 82 Md. 148; *Price* v. *Ashburn,* 122 Md. 514.

The pleadings in this case are undoubtedly in a very unusual and in a somewhat confused form.

The case was first heard on a demurrer to the petition for a mandamus, and the demurrer was sustained and the petition dismissed. Subsequently this order was modified to the extent that the demurrer was sustained with leave to amend. On December 29th, 1914, the petitioner filed Exhibits Nos. 2 and 3, one being a certificate of incorporation of the Game and Fish Association and the other being a true copy of the constitution and by-laws of the association.

On the 30th of January, 1915, the respondents filed what is called an answer to an alleged amended petition, although no amended petition is set out in the record. It is as follows:

1. That said petition is not sufficient in law.

2. That said petition is bad in substance.

3. That said A. C. McCurdy was at the time the appointment was made the presiding officer and a director of the Baltimore County Fish and Game Protective Association.

4. That no proof of the facts alleged in the fourth paragraph of the petition was submitted to this defendant at or before the time of appointment of chief game warden.

5. That said McCurdy was not a suitable or proper person for appointment to said office.

6th. That the copy of the resolution referred to in the 4th paragraph of said petition was not under seal of the corporation or properly attested.

On the same day the petitioner first joined issue on the demurrer to the amended petition, paragraphs 1 and 2, and demurred to paragraph 3 filed as an answer to the petition.

For replication to the fourth and sixth paragraphs of the answer this petitioner says that a duly certified copy of the resolution referred to in said petition, under the hand of the secretary of said game association and the corporate seal thereof, was, prior to the time of the so-called appointment of George Jessop as game warden, delivered by said game

association to the County Commissioners of Baltimore County; and

For replication to the fifth paragraph of the answer, this petitioner says that he was at the time of the application and is now a suitable and proper person for appointment to said office.

In the opinion filed by the lower Court it is said: "This case, having been argued upon the issues raised by paragraphs 1, 2, 3, 4 and 6 of the answer, is submitted," and in the appellees' brief it is said, the case was heard on petition, answer and replication without any testimony at all being taken, and the facts of the case therefore are treated for the purposes of the case as either conceded or at least undisputed.

In *Beasley* v. *Ridout,* 94 Md. 648, in dealing with a somewhat similar situation, this Court said: "The proceedings under the petition for the mandamus have not been conducted in the manner prescribed by the Code, no proof having been offered to sustain its allegations, although the Judge must be satisfied these allegations are founded in truth, whether the petition is heard on general demurrer by the respondent, or answer denying the allegations of the petition, or *ex parte* for want of answer." *Legg* v. *Mayor of Annapolis,* 42 Md. 223; *Sudler* v. *Lankford,* 82 Md. 148.

"The respondent's pleading is somewhat equivocal in form, but if it be regarded as an answer, it does not admit the facts alleged, and if it be regarded as a demurrer, or as part an answer and in part a demurrer, the facts are not thereby admitted, that not being the effect of a demurrer in a proceeding for a prerogative writ like mandamus." *Sudler* v. *Lankford, supra,* 149.

"In the opinion of the Court, however, it is stated that 'at the hearing the questions of fact at issue were waived or admitted,' and we think this statement by the Court should be given the effect of an admission of record, and as equivalent to full proof."

Treating, then, the petition in this case, with the exhibits filed on December 29, 1914, after the leave to amend, as the amended petition and the answer being to this amended petition, the statement of the Court may be regarded, under *Beasley* v. *Ridout, supra,* as equivalent to confining the decision to the issues of facts made by the answer, and it is clear that the Court must be satisfied both as to the law and the facts before the writ can be ordered.

It will be seen that, by the provisions of the Act of 1914, the recommendation for appointment as game warden was to be made "subject to the constitution and by-laws of the association," and by section 4½ of the constitution it was provided: "No member of this association shall be eligible for recommendation to the County Commissioners of Baltimore County for the position of chief game warden for said county unless such a member is a *bona fide* resident of Baltimore County, and has been for more than three years past a member in good standing in this association."

While the petition alleges that the petitioner is a citizen of the United States and of the State of Maryland and for more than ten years past has been a resident of Towson, Baltimore County, in said State, and a voter therein, it nowhere alleges that he "has been for more than three years past a member in good standing in the association," and therefore qualified under the constitution and by-laws of the association for recommendation to the County Commissioners. The Act was approved on the 10th of April, 1914, and on the 13th of April, 1914, the following resolution was passed by the association: "Resolved, That the Baltimore County Game and Fish Protective Association recommend Dr. Alexander C. McCurdy, of Towson, Baltimore County, Maryland, to be chief game warden of Baltimore County."

A copy of this resolution was presented to the Board of County Commissioners together with an application for appointment prior to the 1st of May, 1914, the date fixed by the statute for the appointment of a person to be game warden.

As the statute in terms refers to the constitution and by-laws, and the recommendation to the County Commissioners is based thereon, and to be made subject to them, there should be no uncertainty about the provisions of the constitution, so as it can be ascertained whether the association had complied with it when it made the recommendation.

The petition was therefore defective in these respects, and the learned Judge below was correct in denying the application for a mandamus.

The other objections to the petition are more technical than real, and as they do not go to the merits of the controversy need not be considered by us.

For the reasons stated we will affirm the order refusing the mandamus, but we will remand the case under section 22 of Article 5 of the Code, in order that by proper amendments the case may be tried upon its merits.

> *Judgment affirmed, and cause remanded for a*
> *new trial, the appellant to pay the costs.*