MUÑOZ, PETITIONER, v. SEPÚLVEDA, DISTRICT JUDGE.
RESPONDENT (BURGOS, INTERVENOR).

PETITION for a Writ of Certiorari to the District Court of
Ponce in an Action for Damages for Seduction.

No. 200.—Decided December 24, 1917.

DAMAGES—DEFAULT—EVIDENCE—DISCRETION OF COURT.—Although the plaintiff
in an action for damages may apply for relief under section 194 of the Code
of Civil Procedure when the defendant has not answered the complaint, the
damages cannot be considered as confessed unless the amount thereof has
been sworn to as a fact, and even then the court may exercise its discretion
and require proof of the damages according to the nature of the case.

ID.—INTERVENTION—INTEREST.—When a parent is sued for damages for seduc-
tion committed by his minor son the latter has no legal interest in the action
and, therefore, no right to intervene.

The facts are stated in the opinion.
*Mr. Carlos Brunet* for the petitioner.
The respondent did not appear.
*Mr. R. B. Pérez Marchand* for the intervenor.
MR. JUSTICE WOLF delivered the opinion of the court.

Onelia Muñoz, alleging herself to have been seduced by
Carmelo Burgos, brought suit against Juan María Burgos,
father of Carmelo, also alleging that the said Carmelo was a
son of said Juan María, living with his said father. The said
father appeared and demurred. The demurrer was over-
ruled and the defendant given time to answer and, no answer
being filed, a default was entered against him. The com-
plainant having claimed $6,000 as damages, then prayed the
court to enter judgment for that amount. This the court re-
fused to do. At about the same time, Carmelo Burgos asked
to be allowed to intervene in the suit as an interested party.
Without setting aside the default, the court granted the re-
quest. The petitioner alleges that the order of the court
refusing to render judgment was a violation of her rights and
that permitting Carmelo Burgos to intervene was another
violation. Petitioner cites the jurisprudence of California to
the effect that in cases of default and under a law identical

with our own the California courts do not require proof of a claim where there is a sworn complaint, even of unliquidated damages. The courts say that the amount of the damages may be taken as confessed. Section 194 of the Code of Civil Procedure in its pertinent parts is as follows:

"Sec. 194.—Judgment may be had, if the defendant fail to answer the complaint, as follows:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in section 96.

"2. In other actions, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary must enter the default of the defendant; and thereafter the plaintiff may apply at the first or any subsequent term of the court for the relief demanded in the complaint. If the taking of an account, or the proof of any fact, is necessary to enable the court to give judgment, or to carry the judgment into effect, the court may take the account or hear the proof; or may, in its discretion, order a reference for that purpose; or if, to determine the amount of damages, the examination of a long account be involved, by a reference as above provided."

This was a case that fell under section 2. The complainant must apply to the court for relief. While it might be true that the court may take a fact as confessed if the complaint is sworn to, yet the amount of the damages must be stated as a fact. Paragraphs 6, 8 and 9 of the complaint having reference to damages are as follows:

"*Sixth.*—That plaintiff, who before being seduced by Carmelo Burgos was of chaste character and reputation and enjoyed the esteem of the public and of her friends and relatives, as a result of having been seduced, by the illegal, wilful and malicious act of Carmelo Burgos, minor son of defendant, has lost her reputation

and the regard and esteem of her friends and relatives, who do not now give to the plaintiff the same treatment as formerly, thereby causing plaintiff Onelia Muñoz great mental suffering, aggravated by the loss of her chastity and by the failure of her fiancée, Carmelo Burgos, to fulfill his promise of marriage, which leaves plaintiff in a situation that makes it difficult for her to marry some other man, making her future uncertain and causing grave suffering to plaintiff.''

"*Eighth*.—That owing to the grave mental suffering of plaintiff referred to in the sixth allegation of this complaint, and to the uncertainty of plaintiff's future, she has suffered damages, resulting solely and exclusively from the wilful, illegal and malicious acts of Carmelo Burgos, the amount of which she estimates at six thousand dollars.

"For all of which Onelia Muñoz, plaintiff herein, prays the court, in due course, and after the necessary legal proceedings, to give judgment herein against the defendant, Juan María Burgos, and in favor of plaintiff, for six thousand dollars, the damages by her suffered and referred to in this complaint, with costs, disbursements of this suit, and a reasonable amount as fees for plaintiff's attorney.''

There is no averment of the amount of the damages, but only that the complaint estimates her damages in the sum of $6,000. If a man enter another's field and destroy the crop, the injured person may know and swear to the exact amount of the damages, even though someone else or a jury might not agree with him. The complainant then would be alleging the damages as a positive fact. This was the situation, we think, in the California case to which we are referred.

Moreover, we think it is clear that under the wording of section 194, paragraph 2, the court in some cases has a discretion. A man may swear that he has suffered $6,000 damages and the court may not be satisfied that it is true or reasonable, and insist upon proof of the amount. This would be good practice in a case where the damages are speculative or where there is a question of injury to the feelings or mental suffering, as here. In the California cases, the damages were definite. *Touleme* v. *Patterson*, 18 Cal. 415, was the illegal taking of money. *Patterson* v. *Ely*, 19 Cal. 34, involved a

question of the use and occupation of lands    There are *dicta* in that opinion which seem to indicate that a court may differ as to the amount of the damages where the evidence is incompetent.   *Johnson* v. *Vance,* 86 Cal. 114, was a suit in ejectment and damages for possession.   *Hutson* v. *Twin Creek etc.,* 45 Cal. 553, likewise involved specific damages.   The court in the present case was not bound to believe that the damages were $6,000, even if the complainant had sworn to that amount, which she did not.   From a note in 20 L. R. A. N. S., 7, it would seem that there is considerable doubt whether a case of this kind is even susceptible of a judgment without an inquiry into the damages.   Hence we find no error in the refusal of the court to enter judgment.

After the default, however, the cause of action must be taken as confessed.   We do not fully understand the theory of the court in admitting the son as a party when only the damages were to be ascertained.   The interest that Carmelo Burgos had, so far as we can see, could only arise if the amount that his father had to pay would be considered as an advance and subject to collation.   Even so, the son would have no immediate interest, which is the test of the right to be a party. But the theory of the complaint is a responsibility or obligation in the father for the acts of the son.   It is not the case of the father paying the debt or obligation of the son.   It is, under the theory of the complaint, the father's obligation, even though the son may have a similar legal or moral responsibility. The court erred in permitting the son to intervene, as he had nothing but a moral interest.   *Wys* v. *Fornaris,* 24 P. R. R. 47; *López* v. *Foote,* 25 P. R. R. 513.

From a review of the whole case it is impossible to suppose that the request of the son was anything more than a belated attempt of the father to defend.   A more direct way would be a request to open the default which under the extraordinary nature of the case the court would have a discretion to grant if such request were made.   We make the suggestion without any thought of controlling the action of the court, because it

may be that at the trial on the amount of damages the father could defend as far as he cared. Nor do we want to be understood as entering into the merits of the cause of action.

So much of the order of the court of July 26, 1917, admitting Carmelo Burgos as a party must be annulled and the proceedings affirmed in other respects.

*Petition granted.*

Justices del Toro and Hutchison concurred.

Chief Justice Hernández and Justice Aldrey absent.