Muñoz, Peticionaria, v. Sepúlveda, Juez de Distritó, Demandado, y Burgos, Interventor.

Solicitud para que se expida un auto de *certiorari* al Juez dé la Corte de Distrito de Ponce en pleito sobre daños y perjuicios por seducción.

No. 200.—Resuelto en diciembre 24, 1917.

Sentencias en Rebeldía—Prueba Necesaria para Dictarlas—Práctica que Debe Seguirse—Daños y Perjuicios—Confesión de la Causa de Acción.— En una acción por daños y perjuicios, aun cuando no habiendo contestado el demandado tiene derecho el demandante a proceder de acuerdo con el párrafo 2 del artículo 194 del Código de Enjuiciamiento Civil, no pueden considerarse como confesados los daños a menos que su montante haya sido jurado como un hecho, y aun entonces puede la corte ejercer su discreción y exigir prueba de los daños según la naturaleza del caso.

Intervención—Interés que Deben Tener las Partes.—Cuando un padre es demandado por una seducción cometida por un hijo menor, éste no tiene el interés que exige la ley, no teniendo por tanto derecho a intervenir.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. Carlos Brunet.*

El Juez demandado no compareció.

Abogado del interventor Carmelo Burgos: *Sr. R. B. Pérez Marchand.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Onelia Muñoz, quien alegó haber sido seducida por Carmelo Burgos, estableció una acción contra Juan María Burgos, padre de Carmelo, alegando también que el dicho Carmelo era hijo de Juan María y vivía en compañía de su padre. El padre demandado compareció y excepcionó la demanda. La excepción fué desestimada, concediéndose al demandado tiempo para contestar, y no habiendo sido radicada la contestación, fué anotada su rebeldía. La demandante, habiendo reclamado $6,000 como daños, solicitó entonces de la corte que se registrara una sentencia por tal suma. La corte se negó a hacer esto. Casi al mismo tiempo, Carmelo Burgos solicitó permiso para intervenir en el pleito como parte interesada. Sin levantar la rebeldía, la corte concedió el permiso. La peticionaria alega que la orden de la corte negán-

dose a dictar sentencia fué una violación de sus derechos, y que el permitir la intervención de Carmelo Burgos fué otra violación.   La peticionaria cita la jurisprudencia de California al efecto de que en casos de rebeldía y bajo una ley análoga a la nuestra, las cortes de California no exigen prueba de la reclamación cuando la demanda está jurada, aunque se trate de daños ilíquidos.   Las cortes han establecido que el montante de los daños puede considerarse como confesado. El artículo 194 del Código de Enjuiciamiento Civil es, en su parte pertinente, como sigue:

"Artículo 194.—Podrá dictarse sentencia si el demandado dejare de contestar a la demanda, en los casos siguientes:

"1. En un pleito que nazca de un contrato sobre pago de dinero o para obtener perjuicios solamente, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación, o de su prórroga, si se hubiese concedido; el secretario, a instancia del demandante, deberá hacer constar la rebeldía del demandado, y acto seguido anotará en el récord de la corte la sentencia para el pago de la cantidad especificada en la citación, con más las costas contra el demandado, o contra uno o más de los varios demandados, en los casos previstos en el artículo 96.

"2. En otros pleitos, si no se hubiere presentado la contestación al secretario de la corte, dentro del término señalado en la citación o de su prórroga si se hubiere concedido, deberá el secretario tomar razón de la rebeldía del demandado; después de lo cual podrá el demandante solicitar en la primera o cualquiera de las subsiguientes sesiones de la corte, que se le conceda lo pedido en la demanda.   Si la rendición de una cuenta o la prueba de algún hecho fuere necesario para fundamentar el fallo de la corte, o dar cumplimiento al mismo, la corte podrá admitir la cuenta, o oir la prueba, o a su discreción, disponer el informe previo de peritos, y si para determinar la cuantía de perjuicios fuere necesario el examen de una cuenta extensa, podrá disponer también un dictamen pericial, según lo anteriormente dispuesto."

Este fué un caso comprendido en el apartado 2.   El demandante debe pedir a la corte que le conceda el remedio solicitado.   Si bien es cierto que la corte puede considerar

un hecho como confesado cuando la demanda está jurada, empero el montante de los daños debe ser establecido en la demanda como un hecho. Los párrafos 6, 8 y 9 de la demanda en que se hace referencia a los daños, son como sigue:

"*Sexto:* Que la demandante quien antes de ser seducida por Carmelo Burgos, estaba reputada por pura y gozaba de la estimación y aprecio del público, sus amigas y familiares, ha perdido con motivo de haber sido seducida, por el acto ilegal y malicioso y voluntario de Carmelo Burgos, hijo menor del demandado, su reputación, y el aprecio y estimación de sus amigas y familiares, quienes ya no dan a la demandante el mismo trato que antes lo que causa a la demandante Onelia Muñoz, grandes sufrimientos mentales, agravados por la pérdida de su virginidad y el haberle faltado su novio Carmelo Burgos a la promesa de matrimonio que le hiciera, lo que también coloca a la demandante en una situación difícil para contraer matrimonio con algún otro hombre, haciendo su porvenir incierto, incertidumbre que causa grandes sufrimientos a la demandante.

"*Octavo:* Que debido a los grandes sufrimientos mentales sufridos por la demandante descritos en la alegación sexta de esta demanda, y a lo incierto y dudoso del porvenir de la demandante, ésta ha sufrido daños y perjuicios, debidos única y exclusivamente, a los actos voluntarios ilegales y maliciosos del Carmelo Burgos, que estima en la suma de SEIS MIL dollars.

"Por todo lo expuesto, a la corte suplica la demandante Onelia Muñoz, que en su día, previo los trámites de ley, dicte sentencia en este caso y condene al demandado Juan María Burgos a pagar a la demandante por los daños y perjuicios sufridos por ella y descritos en esta demanda la suma de SEIS MIL dollars, más las costas, desembolsos de este pleito y una cantidad razonable para honorarios de abogado de la demandante."

No existe una afirmación categórica del montante de los daños, sino únicamente que la demandante estima los daños por ella sufridos en la suma de $6,000. Si un hombre penetra en la propiedad de otro y destruye la siembra, la persona perjudicada puede conocer y jurar el montante exacto de los daños, aun cuando alguna otra persona o un jurado, pudieran no estar acordes con él. El demandante estaría entonces

alegando los daños como un hecho positivo. Creemos que ésta fué la situación en los casos de California a que hemos sido referidos.

Además, encontramos claro que bajo el texto del artículo 194, apartado 2, la corte puede ejercitar su discreción en algunos casos. Una persona puede jurar que ha sufrido daños por valor de $6,000 y la corte puede no estar satisfecha de que sea verdadero o razonable y exigir prueba del montante. Esta sería una buena práctica en un caso en que los daños son contingentes o en que existe una cuestión de agravios a los sentimientos o sufrimiento mental como ocurre aquí. En los casos de California, los daños estaban definidos. En el de *Toulumne* v. *Patterson,* 18 Cal. 415, se trataba de la apropiación ilegal de un dinero. El de *Patterson* v. *Ely,* 19 Cal. 34, envolvía una cuestión de ocupación y uso de tierras. Hay conclusiones en esa opinión que parecen indicar que una corte puede diferir, en cuanto al montante de los daños, cuando la prueba es inadmisible (*incompetent*). El caso de *Johnson* v. *Vance,* 86 Cal. 114, fué uno en que se trataba de reivindicación y daños. Así también el de *Huston* v. *Twin & City C. T. R. Co.,* 45 Cal. 553 es uno de daños específicos. En el presente caso la corte no estaba obligada a creer que los daños ascendieran a $6,000, aun cuando la demandante hubiera jurado que ése era el montante, lo que no hizo. De una nota que aparece en 20 L. R. A., N. S., 7, pudiera deducirse que es bastante dudoso si un caso de esta naturaleza es siquiera susceptible de fallo sin que se entre a considerar los daños. Por tanto no encontramos que haya habido error en la negativa de la corte a dictar sentencia.

Después de anotada la rebeldía, sin embargo, la causa de la acción debe estimarse como confesada. No comprendemos del todo la teoría de la corte admitiendo al hijo como una de las partes en el litigio cuando sólo quedaban por determinar los daños. El interés de Carmelo Burgos, hasta

donde hemos podido ver, sólo existiría si el importe que su padre había de pagar fuera considerado como un anticipo y sujeto a colación. Aun así el hijo no tendría un interés inmediato que es lo que da la medida del derecho a ser parte. Pero la teoría de la demanda es la responsabilidad u obligación del padre de responder por los actos del hijo. Este no es el caso en que un padre ha de pagar las deudas u obligaciones de un hijo. Esta es, bajo la teoría de la demanda, la obligación del padre, aun cuando el hijo pueda tener una responsabilidad legal o moral parecida. La corte erró permitiendo al hijo intervenir no teniendo más interés que uno moral. *Wys* v. *Fornaris,* 24 D. P. R. 49; *López* v. *Foote,* 25 D. P. R. 552.

De un examen de todos los autos es imposible suponer que lo solicitado por el hijo fuera otra cosa que una tardía tentativa del padre a defenderse. Un camino más directo hubiera sido solicitar la apertura de la rebeldía que, dada la naturaleza extraordinaria del caso, la corte tenía discreción para conceder, si tal solicitud le hubiera sido hecha. Hacemos esta indicación sin la menor idea de dominar la acción de la corte, pues puede ser que en el acto de la comparecencia sobre el montante de los daños, pudiera el padre defenderse hasta donde creyera conveniente. Ni tampoco queremos que se entienda que entramos a considerar los méritos de la causa de acción.

La orden de la corte de julio 26, 1917, en cuanto admite a Carmelo Burgos como parte, debe ser anulada, confirmándose los procedimientos en los demás particulares.

*Con lugar la solicitud.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey no intervinieron.