ROBERT Y. McGLAUGHLIN *v.* EDWIN WARFIELD, JR., ET AL.

[No. 44, October Term, 1941.]

*Decided December 3, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*V. Calvin Trice,* with whom were *Harrington* and *Harrington* on the brief, for the appellant.

*William C. Walsh, Attorney General* and *Hall Hammond, Deputy Attorney General* for the appellee.

FORSYTHE, J., delivered the opinion of the Court.

The appeal in this case involves the question of the constitutionality of Chapter 408, of the Act of 1941 of the General Assembly of Maryland, codified as Sec. 99A, Art. 39, Flacks' Code, 1939.

The appellant, Robert Y. McGlaughlin, filed a bill of complaint in the Circuit Court for Anne Arundel County, in which it was alleged that he is a resident of Dorchester County, State of Maryland, and was the holder of a license, duly issued by the Clerk of the Court of Dorchester County, entitling him to take or catch crabs by any of the methods at that time in use, including scrape nets, dip nets or trot line; that during the year of 1941 he had "continued to take or catch crabs by means of what is called a 'crab pot,' being one of the methods of taking crabs recently used as mentioned in section 105 of Article 39 of the Code."

The bill then alleges that the appellant has been prevented from using the crab pot, by threats of the officers of the appellee, the Commission of Tidewater Fisheries, who have given notice to all crabbers that a crab pot cannot be used, and if one is found in use, it will be seized, and the user prosecuted.

The bill then charges that the appellee, in thus attempting to prevent the use of crab pots, is acting under the authority of the said Act of 1941, Chapter 408. A demurrer to the bill was sustained, and the bill was dismissed.

The appellant contends that the Act of 1941, ch. 408, is unconstitutional in that it violates the mandate of the Constitution of Maryland, Article III, Section 29, that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

The Title of the Act is, "An Act to add a new section to Article 39 of the Annotated Code of Maryland (1939 Edition), title 'Fish and Fisheries,' sub-title 'Crabs,' said new section to be known as Section 99A and to follow immediately after Section 99 of said Article, to permit the taking of crabs by certain devices."

The exact text of the Act is that: "It shall be lawfull for any person or persons to take or catch crabs by scrape, dip net and trot line in any of the waters of the State and in no other manner or by any other means,

78

except that in Kent and Queen Anne's Counties soft crabs may be taken by means of a hand-drawn net scrape." The Act provides a penalty for its violation, and exempts four bodies of water, none of which are involved in this case.

Ever since the adoption of our present constitution, many cases have been before this Court in which the requirement of Article III, Sec. 29, of the Constitution has been invoked, under varying circumstances, in efforts to have Acts of the General Assembly declared unconstitutional.

In accordance with the great weight of authority in this country, this Court has consistently held that the purpose of the constitutional provision here invoked is sufficiently complied with if the title of the proposed legislation fairly advises the General Assembly, and the public, of the real nature, and subject matter, of the legislation sought to be accomplished, and in testing conformity of a title of a statute to constitutional requirements that the subject should be described in the title, the courts are disposed to uphold rather than to defeat the statute, and since every presumption favors the validity of a statute, it cannot be stricken down as void, unless it plainly contravenes a provision of the Constitution; a reasonable doubt in its favor is enough to sustain it. *State v. Norris,* 70 Md. 91, 16 A. 445; *Levin v. Hewes,* 118 Md. 640, 86 A. 233; *McCurdy v. Jessop, Warden,* 126 Md. 318, 95 A. 37; *Painter v. Mattfeldt,* 119 Md. 466, 472, 87 A. 413; *Hiller v. State,* 124 Md. 385, 389, 92 A. 842; *Thrift v. Laird,* 125 Md. 55, 93 A. 449; *Leser et al. v. Lowenstein,* 129 Md. 244, 98 A. 712; *Ruehl v. State,* 130 Md. 188, 194, 100 A. 75; *Keiningham v. Blake,* 135 Md. 320, 322, 109 A. 65, 8 *A. L. R.* 1066; *Weber, Mayor, v. Probey,* 125 Md. 544, 551, 94 A. 162; *Grossfeld v. Baughman,* 148 Md. 330, 129 A. 370; *Parlett Co-Operative v. Tidewater Lines,* 164 Md. 405, 165 A. 313; *Norris v. Mayor and City Council of Baltimore,* 172 Md. 667, 192 A. 531; *Board of Education v. Wheat,* 174 Md. 314, 199 A. 628; 11 *American Jurisprudence,* p. 776, Sec. 128, and note 20.

The Act here in question is a separate law, designed to cover all waters of the State, except the four bodies of water exempted. It is expressly provided that it was to become a part of Article 39, which is set apart in the Code of Public Laws entitled "Fish and Fisheries," sub-title "Crabs." It is not stated in the title, or in the enacting clause, that the Act is to be an amendment of any existing provision of Article 39. But it is expressly stated in both the title, and in the enacting clause, that it was to be a *new* section to be added to the Article. It does not state that it repeals, and re-enacts any other section of the Article dealing with that subject.

The appellant contends that the Act is invalid because it was provided that it be designated as Section 99A, to follow Section 99 in Article 39.

Section 99 of Article 39, as codified in the Code of 1939, appears under the sub-title "Deep Creek Lake." That section authorized the establishment of fish hatcheries on the waters of that area, and has nothing to do with crabs. Three more Sections follow Section 99, and then follows the Sub-Title "Crabs."

Section 99A, dealing with the methods of taking crabs, is entirely out of place following Section 99, dealing with fish hatcheries. A mistake was made by the draftsman of the statute in designating Section 99A to follow Section 99, instead of to follow a Section under the Sub-title "Crabs," with an appropriate number. It is obvious how the mistake happened, and possibly how it was unavoidable. From an examination of the 1935 Supplement to the Code, it will be found that in Article 39, the sub-title of "Deep Creek Lake" contained Sections 81 to 92, inclusive, and the Sub-title "Crabs" begins with Section 93, and ends with Section 101. Section 99 of the latter sub-title deals with the same matter as section 111 of the new 1939 Code. Therefore, prior to the appearance of the new 1939 Code, Section 99A would have been in its proper place. But by reason of new sections added, it now should appear as Section 111A. The new 1939 Code was not available until late in 1940, and the first copies

went to the courts. It was not available to the profession until the Spring of 1941. The Act here involved was the enactment of House Bill 397, which was introduced in the House of Delegates on February 20, 1941, and was passed on March 28, 1941. House Journal, pp. 532, 2111. Without the new Code, the draftsman of the Act could not well avoid the mistake which is responsible for any confusion in the Section, and sub-title, of this Act.

In this case the appellant did not contend that the title of the Act here involved violated the constitutional provision in stating, or in failing to state, the subject matter intended to be dealt with, or that there is anything in the Act inconsistent with, or not germane, to the subject matter mentioned in the title. His sole contention is that the Act is unconstitutional because it was made "a sub-section of a section that has nothing to do with, and is in no way related to the subject as shown in the body of the Act."

It is perfectly clear that the subject matter stated in the title, and that contained in the body of the Act, is identical, and not in the slightest degree susceptible of a charge that either the General Assembly, or the public, could be misled, or deceived, as to the exact purpose intended, and accomplished by the passage of the Act.

The error in incorrectly assigning a wrong section number cannot have the effect of invalidating the Act. It is a short Act, containing but one section, and from the subject matter, easily can be placed in its proper place, as so often is necessary when the laws are re-codified. Section numbers of an Act are no vital part of the Act itself, "and while of convenience for the purpose of orderly arrangement, or to facilitate the finding of a particular provision, they are not so essential that their omission or transposition ought to be permitted to set aside completely provisions in themselves clear an unambiguous." *Levin v. Hewes, supra,* 118 Md. 640, 86 A. 236; *State v. Backus Chevrolet Company,* 170 Md. 309, 184 A. 160; *Sutherland on Statutory Construction,* Sec. 410.

Appellant cited the case of *State v. German Savings Bank,* 103 Md. 196, 63 A. 481, 482, in support of his contention that the statute involved in the instant case is invalid. But a careful study of that case will reveal that the defect found to exist in that case does not appear in the case here under consideration. In that case, the title stated a new section was to be added to Article 81, title "Revenue and Taxes," under the sub-title "Payment of Taxes by Corporations," the new section to follow section 81A, and to be designated section 81 B. But in the text of the Act it was referred to as Section 86 B, to follow Section 86A. It was very important, in that case, to state the exact section intended to be effected, because Section 86B amended Section 86A, and it was necessary to read the sections together to discover what change was intended, or effected. In the opinion in that case, this Court said: "We have then before us the question of the validity of an attempt to declare inoperative, as to a large number of corporations, the provisions of an important section of the Code by an Act whose title neither indicates its contents nor correctly mentions the section of the Code to be affected by it."

The case here presents an entirely different situation. The title and text of the Act are exactly in accord as to the subject matter of the legislation, and correctly designates the Article. The mere mistake of incorrectly designating the number, and place of the new Section, is not sufficient, under the authority herein cited, to invalidate the Act.

The order of July 22, 1941, sustaining the demurrer, and dismissing the bill of complaint, will be affirmed.

*Order affirmed, costs to be paid by the appellant.*