SHIPLEY *v.* STATE
(Two Appeals in One Record.)
[No. 38, October Term, 1952.]

*Decided December 4, 1952.*

The cause was argued before MARKELL, C. J., and DELAPLAINE, COLLINS and HENDERSON, JJ.

*M. William Adelson,* with whom were *Ralph G. Hoffman* and *Eugene P. Smith* on the brief, for appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *J. Edgar Harvey, Deputy Attorney General* and *Donald C. Sponseller, State's Attorney for Carroll County,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

These cases involve two appeals as the result of the conviction of appellant for violation of Weight of Vehicles Passing Over Bridges, Article 89B, Section 83, 1939 Code, Article 89B, Section 86, 1951 Code, (erroneously numbered 85 in 1951 Code,) and hereinafter referred to as Section 86, 1951 Code.

The appellant was arrested on a warrant charging him with unlawfully operating a motor vehicle with a gross weight greater than that posted on a bridge in violation of Article 89B, Section 86, *supra,* which provides in part: "which shall be taken to mean that no vehicle of any kind, as above enumerated weighing, with or without any load which may be in or upon the same, more than the number of pounds specified on said signboard, shall pass or be drawn, driven, propelled or in any other manner taken over said bridge or culvert, * * *". The date of April 4, 1952, was set for the trial before trial magistrate J. Francis Reese, of Carroll County. Appellant did not appear at the trial and collateral was forfeited in the amount of $691.45 for the fine and costs. An appeal was noted to the Circuit Court for Carroll County. Article 66½, Section 287, 1951 Code. There the appellant entered a plea of not guilty and asked for trial before the trial judge. The evidence there showed that on September 14, 1951, the appellant operated a truck with a gross weight of 31,500 pounds across a bridge between Carroll and Howard Counties. This bridge was posted with a warning "Weight Not To Exceed 20,000 Pounds". The appellant did not there contend that the truck was not overloaded but that the fine should not exceed $100.00. This weight of 31,500 pounds did not exceed the limit set for highways. The trial judge affirmed the judgment of the trial magistrate,

with costs, and from that judgment the appellant appeals here.

It has been repeatedly decided that unless granted by statute, no appeal lies to this Court from the judgment of a court of record affirming or reversing on appeal the judgment of a justice of the peace. See *Ruth v. Durendo,* 166 Md. 83, 88, 170 A. 582, and cases there cited. *Robb v. State,* 190 Md. 641, 651, 60 A. 2d 211; *Johnson v. State,* 191 Md. 447, 451, 62 A. 2d 249. There is no statute giving such right of appeal in this case, and therefore the appeal from the judgment will be dismissed.

On April 12, 1952, the appellant filed in the Circuit Court for Carroll County a petition for a writ of *certiorari* in this case. On April 14, 1952, that court issued the writ. The State moved to quash the writ, which motion was heard with the appeal case, hereinbefore recited. On May 12, 1952, the trial judge quashed the writ. From that action the appellant appeals here. There is no question here raised as to the jurisdiction of the trial magistrate to try this case. On review of the magistrate's judgment where the trial court on *certiorari* exercised a quasi-appellate jurisdiction, as in the instant case, no appeal lies to this Court. *Riggs v. Green,* 118 Md. 218, 228, 84 A. 343. The appeal from the order quashing the writ of *certiorari* will also be dismissed.

On or about May 20, 1952, the appellant filed in this Court a petition for a writ of *certiorari* in which he alleged the proceedings as hereinbefore recited. He also alleged that this case presented matters rendering it desirable in the public interest that it be reviewed. Article 5, Section 105, 1951 Code. This Court at that time took no action on the petition but notified the appellant's attorney that "we will keep it on file, however, and if, at the time of hearing, it appears that there is any reason why the writ should be granted, this can readily be done then by the Court." Although a motion to dismiss the appeal was filed by the State, the Assistant Attorney General, who argued these cases in this Court,

agreed with the attorneys for the appellant that there are many cases pending before the magistrates in this State awaiting a decision as to the maximum penalty that can be given for violation of Article 89B, Section 86, *supra*, 1951 Code, and that there are special circumstances rendering it desirable and in the public interest that the case should be reviewed. We will therefore grant the writ and review the case.

Article 89B, (State Roads) Section 86, 1951 Code, *supra*, Chapter 539, Section 65 of the Acts of 1931, forbids the passage over a bridge of a vehicle weighing more than the figure which the State Roads Commission has posted as the maximum limit and specifically provides as a penalty therefore a fine of not less than twenty-five dollars nor more than one-hundred dollars for each offense. There is no doubt in this case that this bridge weight limit was violated as the truck weighed 31,500 pounds. The only weight provision in Article 89B is that specified in Article 89B, Section 86, *supra*, providing for "Weight of Vehicles Passing Over Bridges". Article 89B, Section 2 (A) (Road—Highway,) 1951 Code, provides in part: ."Both the word 'road' and the word 'highway' include * * * bridges, * * * and other structures forming an integral part of a road or highway".

Chapter 311, Section 254 (d) (f) (g) (2) Acts of 1951, Article 66½, Section 278 (d) (f) (g) (2), 1951 Code, provides in part: "(d) It shall be unlawful * * * for * * * any * * * person * * *, to operate on a public highway any of the above vehicles having a gross weight in excess of the maximum registered weight as indicated on the certificate of registration issued pursuant to Section 80 of this Article or any statutory weight limit allowed under the provisions of this Article, or Article 89B. (f) Any officer of the Maryland State Police, member of an authorized weighing crew of the State Roads Commission or peace officer empowered with the right to enforce the provisions of this Article or Article 89B having reason to believe that the size or weight

of a vehicle and load being operated on a public highway is unlawful is authorized to require the driver to stop and submit to a measurement or weighing, or both, of the vehicles by means of either portable or stationary scales. (g) The Trial Magistrate upon the conviction for a violation of any of the provisions of this section, Section 80 and Article 89B shall impose the following fines: * * * (2) For a weight violation in excess of 5,000 pounds over the registered weight or any statutory weight limit, a fine of 6 cents for every pound of excess weight shall be imposed." Chapter 311 of the Acts of 1951 also contains the usual provision that all laws, or parts of laws, inconsistent with the Act are repealed to the extent of such inconsistency. It appears from this Act that the references to Article 89B were inserted by amendment during the passage of the bill through the legislature.

The appellant contends that the title to Chapter 311, of the Acts of 1951, *supra,* is not sufficiently descriptive to permit the body of the Act legally to amend the penalty provisions of Article 89B. With this contention we agree. The title to Chapter 311, *supra,* is as follows:

"AN ACT to add Sub-sections (1½) and (17½) to Section 2 of Article 66½ of the Annotated Code of Maryland (1947 Supplement), title 'Motor Vehicles,' sub-title 'Definitions of Words and Phrases'; to add Sub-section (c) to Section 249 of said Article, sub-title 'Operation of Vehicles Upon Highways'; to repeal Section 74 (i) and Sections 252 to 256, inclusive, of said Article and sub-title and to enact three new Sections in lieu thereof, to be known as Sections 252, 253, and 254; and to repeal and reenact, with amendments, Sections 74 (b) and (c), sub-title 'Administration—Registration—Titling,' and Section 285 (e), title 'Operation of Vehicles Upon Highways,' of said Article, relating generally to the height, width, length and weight of certain motor vehicles operating on

the State highways, relating to the length of trackless trolleys and providing for the payment of the expenses of the State Roads Commission in enforcing the provisions of said Article, limiting the height, width, length and weight of motor vehicles, and use of the fines collected for violations of said provisions."

Of course, this Court has consistently held, with the great weight of authority in this country, that the purpose of Article 3, Section 29, of the Constitution is sufficiently fulfilled if the title of the legislation fairly advises the Legislature and the public, of the real nature and subject matter of the legislation sought to be enacted. In testing whether the title of a statute conforms to this constitutional requirement the courts are disposed to uphold rather than to defeat the constitutionality of a statute, and to hold that it cannot be declared unconstitutional unless it plainly contravenes the constitutional provision. A reasonable doubt in favor of its constitutionality is enough to uphold it. *McGlaughlin v. Warfield,* 180 Md. 75, 78, 23 A. 2d 12, and cases there cited; *State v. Clay,* 182 Md. 639, 641, 35 A. 2d 821; *Cromwell v. Jackson,* 188 Md. 8, 28, 58 A. 2d 79; *Atkinson v. Sapperstein,* 191 Md. 301, 315, 60 A. 2d 737.

In *Buck Glass Company v. Gordy,* 170 Md. 685, 185 A. 866, a leading case in this State, the appellant manufactured glass bottles which it sold in great quantities to sellers of milk and beer. The emergency gross receipt tax provided by Chapter 188 of the Acts of 1935 imposed a tax according to its title, "for the privilege of engaging in the business of selling tangible personal property at retail". The Act contained in its body an explicit definition that all sellers to consumers of goods in whatever quantities were taxed. This Court there held that because of the restriction in its title, the statute could not properly be interpreted to include among the sellers to be taxed, producers or dealers selling in gross quantities because this was not selling at retail. Chief Judge Bond said in that case at page 688: "The

title does not, in words, refer to the business of selling to consumers as the subject of the tax. On the contrary, it refers only to 'the business of selling tangible personal property at retail.' Sales to consumers are specified only in the definitions and other provisions in the body of the act. So far as there may be a difference in the subjects stated in the one way and the other, it is important because of the requirements of the State Constitution, article 3, sec. 29, that the subject of an Act of Assembly shall be described in its title. A title which is descriptive to some extent must go far to fix the understanding of its purpose among legislators and interested members of the public. 'Bills are sometimes read, especially the first time, by their titles only, and the titles only are spread upon the journal.' *Stiefel v. Maryland Institution for the Blind*, 61 Md. 144, 148. And it is the main purpose of the constitutional provision to prevent enactment under a misconception by reason of a misdescriptive title. 'The object of the requirement of the Constitution is that legislators and the public may be informed by the title of the general nature of the provisions proposed to be enacted.' *Levin v. Hewes*, 118 Md. 624, 632, 86 A. 233, 235. It follows that a restriction in the title must either confine the operation of the act to conform to that description, if such a construction is possible, or render the act void to the extent of the conflict. *Scharf v. Tasker*, 73 Md. 378, 383, 21 A. 56; *Luman v. Hitchens Bros. Co.*, 90 Md. 14, 44 A. 1051; *Weber v. Probey*, 125 Md. 544, 551, 94 A. 162." *Baltimore v. Perrin*, 178 Md. 101, 111, 12 A. 2d 261; *Brooklyn Apts. v. M. & C. C. of Baltimore*, 189 Md. 201, 209, 55 A. 2d 500; *La Guardia v. State*, 190 Md. 450, 455, 58 A. 2d 219; *Atkinson v. Sapperstein, supra,* 191 Md. at page 314, 60 A. 2d 737; *Maguire v. State,* 192 Md. 615, 624, 65 A. 2d 299. If we apply the same rule of construction to the Act before us, it appears from its title that its intention was to amend Article 66½ and not to amend Article 89B. Article 66½ has no special provisions as to height, width, length, and weight

of motor vehicles operating on bridges. The title to Chapter 311, *supra*, specifies "motor vehicles operating on the State highways" and makes no mention of Article 89B or bridges.

We find that the intention of the Act, from its title, was to regulate the height, width, length, and weight of motor vehicles on the State highways in the enforcement of *"said Article"* which is Article 66½. The legislators and the public are presumed to know the former provisions of Article 66½ and also that 89B regulates the weight of motor vehicles passing over bridges. They are not informed by the title of Chapter 311, *supra*, that any of the provisions of that Act refer to bridges as such or Article 89B. *Bell v. Board of County Commissioners*, 195 Md. 21, 72 A. 2d 746, 752. We therefore find, under the constitution of this State, that so far as Chapter 311 of the Acts of 1951 applies to Article 89B, it is unconstitutional and void.

> *Appeals dismissed. Under writ of certiorari issued by this Court, judgment is reversed and case remanded for imposition of a lawful sentence.*