EDWARD W. STIEFEL, and others, County Commissioners of Baltimore County, and GEORGE H. CARMAN, Examiner *vs.* THE MARYLAND INSTITUTION FOR THE INSTRUCTION OF THE BLIND.

*Unconstitutionality of the Second section of the Act of 1880, ch. 403.*

The title of the Act of 1880, ch. 403, is, " An Act to repeal an Act passed at the January Session, eighteen hundred and seventy-two,

·OCTOBER TERM, 1883. 145

Stiefel, *et al. vs.* Maryland Institution for the Instruction of the Blind.

chapter three hundred and sixty-three, entitled 'An Act to allow the Trustees of the Maryland Institution for the Instruction of the Blind, to locate the bed of North street, if extended into Baltimore County, from North Avenue to Denmead street.'" The first section of the Act repealed the Act of 1872, ch. 263, and the second section enacted a new law in its stead. Section 29, of Article 3, of the Constitution requires that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." HELD:

1st. That inasmuch as the subject of the second section of the Act of 1880, ch. 403, was not described in the title of the Act, said section was unconstitutional and void.

2nd. That the first section of the Act of 1880, ch. 403, being in strict conformity with the title of the Act, was valid.

APPEALS from the Circuit Court for Baltimore County, in Equity.

The bill of complaint in this case filed by the appellee, sought to have the Act of 1880, ch. 403, in so far as it authorized the condemnation and opening of North street, between North avenue and Denmead street, declared unconstitutional and void; and to that end prayed that the appellants, the County Commissioners of Baltimore County, be enjoined from ratifying or confirming the proceedings of the appellant, George H. Carman, examiner in the matter of the opening and condemning of said North street, between North avenue and Denmead street, and that said Carman be enjoined and prohibited from taking any further proceedings for the construction, opening or condemning of the said North street, between North avenue and Denmead street, as laid down on the plat filed by him with the County Commissioners. The defendants demurred to the bill of complaint. The Court (FOWLER, J.,) overruled the demurrer; and subsequently ordered the injunction to issue as prayed. The defendants appealed from the order overruling the demurrer to the bill, as also from the order granting the injunction.

Stiefel, *et al. vs.* Maryland Institution for the Instruction of the Blind.

The cause was argued before Alvey, C. J., Stone, Robinson, Irving, Ritchie, and Bryan, J.

*D. G. McIntosh,* and *Arthur W. Machen,* for the appellants.

Upon the question, whether the Act of 1880, ch. 403, violates the clause in section 29 of Article 3, of the Constitution, which provides that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title," the following authorities were quoted: *Pim vs. Nicholson,* 6 *Ohio State Rep.,* 176; *McPherson vs. Leonard,* 29 *Md.,* 377; *Davis vs. State,* 7 *Md.,* 151; *Keller vs. State,* 11 *Md.,* 525; *Parkinson vs. State,* 14 *Md.,* 192; *Cearfoss vs. State,* 42 *Md.,* 403; *Mayor, &c., of Annapolis vs. State,* 30 *Md.,* 117; *County Commissioners of Washington Co. vs. Franklin R. R. Co.,* 34 *Md.,* 159; *McGrath vs. The State,* 46 *Md.,* 631; *County Commissioners of Dorchester Co. vs. Meekins,* 50 *Md.,* 41; *Second Germ. Amer. Build. Asso. vs. Newman,* 50 *Md.,* 62; *County Commissioners of Talbot Co. vs. County Commissioners of Queen Anne's Co.,* 50 *Md.,* 245; *Mayor and City Council of Balto. vs. Reitz,* 50 *Md.,* 574; *State vs. Fox,* 51 *Md.,* 412; *Mayor and City Council of Balto. vs. Stoll,* 52 *Md.,* 435, 436; *Maryland Agricultural College vs. Keating,* 58 *Md.,* 580.

*Bernard Carter,* for the appellee.

Stone, J., delivered the opinion of the Court.

The only matter presented to us for consideration in this case, is the constitutionality of the Act of 1880, ch. 403. The title of this Act is, "An Act to *repeal* an Act passed at the January Session, 1872, ch. 363, entitled 'An Act to allow the Trustees of the Maryland Institution for the Instruction of the Blind to locate the bed of North

street, if extended into Baltimore County, from North avenue to Denmead street.'" Several objections have been urged against the constitutionality of this Act. One of these objections is that the subject of the law is not described in its title, and therefore it is in contravention of sec. 29 of Art. 3, of the Constitution. This objection is urged against the second section only of the Act of 1880, ch. 403, as it is conceded that it does not apply to the first section. As we think this objection is decisive of this case, we deem it unnecessary to consider the others. The 29th sec. of Art. 3, of the Constitution, says: "Every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title."

The one and only thing which, according to its title, was the subject of the body of the Act of 1880, ch. 403, was the *repeal* of the Act of 1872, ch. 363. There is not one word in the title of the Act before us which discloses, or even intimates, that a new law was to be enacted in the body of the Act instead of the law of 1872, ch. 363. The subject of the second section, certainly is not described in its title, because nothing is described in its title except the repeal of the Act of 1872.

Read by its title alone, the bill declares that *nothing* was to be done except the repeal of the Act of 1872; but the second section does attempt something more than the repeal of the Act of 1872. It goes on to enact a new law, the subject of which the title does not in any way indicate. Unless we mean to say that so much of the Constitution as relates to this subject is a mere unmeaning declaration, a sort of threat held out, but never meant to be carried into effect, we must decide that the subject of the second section of the Act of 1880, ch. 403, is not described in the title, and is therefore null and void. This section of the Constitution has many times been before this Court, and we deem it unnecessary to review all the cases on that subject, even admitting that they were all well decided,

further than to say that no case has yet been brought before this Court, until the present, where AFFIRMATIVE legislation was attempted under a title which *disclosed absolutely nothing except the repeal of a former Act.*

We are not unmindful of the fact that the power of the Legislature over the making of our laws is *supreme*, except where restrained by the Constitution, and that it is our duty to make every fair presumption in favor of the legitimate exercise of their powers. But we should be derelict to our highest duty, the duty of carrying out the will of the people of the State as expressed in their organic law, if we, by our acquiescence, sanctioned a constructive repeal of a plain constitutional provision.

It is obligatory on this Court to carry out, within the sphere of its legitimate powers, every provision of our Constitution, without regard to our opinion as to the wisdom or usefulness of the provision. We cannot, however, fail to see the use and importance of the provision above referred to. Publicity, and a knowledge of the true effect and operation of every bill brought before the Legislature, are the great safeguards against ill-considered and improper legislation. The provision in question is one, among many others in the Constitution, designed to promote those objects. Bills are sometimes read, especially the first time, by their titles only, and the titles only are spread upon the journal.

It is, therefore, important that the title of the bill should never be misleading, and that at least a general idea of the purport of the law may be gathered from it.

But while our opinion is thus clear as to the second section of this Act, we are not disposed to extend the operation of that section of the Constitution beyond what *its* language plainly warrants. *The first section* of the Act of 1880, ch. 403, is in strict conformity with the title, and is therefore valid ; but the second section, for the reasons we have assigned, we must declare unconstitutional and

void, and the case will be remanded to the Circuit Court for Baltimore County to enter a decree in conformity with this opinion, making the injunction perpetual, and annulling the proceedings of the examiner in so far as the same were taken under the second section of the statute hereby declared void.

> *Order overruling demurrer affirmed; and order granting injunction affirmed, and injunction made perpetual, and cause remanded.*

(Decided 9th January, 1884.)

Robinson, J., dissented.