## STATE OF MARYLAND
### *vs.*
### PAUL CASE.

*Licenses: constitutionality; discrimination against non-residents; residents may not question; builders' licenses; Carroll County.*

The question whether a law, in imposing a license on certain trades or business, is unconstitutional because discriminatory against non-residents, can not be raised by a resident who is indicted for violation of the Act.                    p. 272

Section 184 of Chapter 704 of the Acts of 1916, providing for builders' licenses in Carroll County, is not in violation of section 29 of Article 3 of the State Constitution, on the ground that the title of the Act describes the Act as applying to "construction firms or companies," while the Act itself includes any "person, firm or corporation."                    p. 273

*Decided February 1st, 1918.*

Appeal from the Circuit Court for Carroll County. (FOR-SYTHE, JR., J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Philip B. Perlman, Assistant to the Attorney General,* and *Albert C. Ritchie, the Attorney General* (with whom was *William L. Seabrook* on the brief), for the appellant.

*Francis Neal Parke* (with whom was *James A. C. Bond* on the brief), for the appellee.

CONSTABLE, J., delivered the opinion of the Court.

The appellee, a resident builder of Carroll County, was indicted under Section 184 of Chapter 704 of the Acts of 1916, for carrying on the business of construction without having first taken out a license. He demurred to the indictment which the lower Court sustained, and from the judgment entered, the State appealed.

The Act is a lengthy one and we will set out only such portions of it as are applicable for this decision:

"AN ACT to repeal and re-enact with amendments section 59 of Article 56 of the Annotated Code of Maryland, title 'Licenses,' sub-title 'Traders,' and also sections 108, 109, 110 and 111 of said Article 56, title 'Licenses,' sub-title 'Shows and Theatrical Exhibitions,' and to add twenty-five additional sections to said Article 56 of the Annotated Code of Maryland, to follow section 163, and to be known as sections 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187 and 188, said new sections providing for the licensing of detective agencies and agents, moving picture shows and carnivals, garages, cash registers, and adding machines, typewriting machines, commercial, mercantile and mutual protective agencies, intelligence offices and employment agencies, laundries, junk dealers, trading stamp companies, wholesale dealers in farm machinery, soda water fountains, livery stables, bowling saloons, storage warehouses, check rooms, cleaning, dyeing and pressing companies, shoeshining parlors and hat cleaning establishments, restaurants or eating places, plumbers and gas fitters, *construction firms or companies,* non-resident wholesale tobacco dealers and non-resident wholesale liquor dealers.

"Section 1. *Be it enacted by the General Assembly of Maryland,* That section 59 of Article 56 of the Annotated Code of Maryland, title 'Licenses,' sub-title 'Traders,' and also sections 108, 109, 110 and 111 of said Article 56, title 'Licenses,' sub-title 'Shows and

Theatrical Exhibitions,' be and the same are hereby repealed and re-enacted with amendments, and that twenty-five additional sections are hereby added to said Article 56, to follow section 163, and to be known as sections 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187 and 188, said new sections providing for the licensing of detective agencies and agents, moving picture shows and carnivals, garages, cash registers and adding machines, typewriting machines, commercial, mercantile and mutual protective agencies, intelligence offices and employment agencies, laundries, junk dealers, trading stamp companies, wholesale dealers in farm machinery, soda water fountains, livery stables, bowling saloons, storage warehouses, check rooms, cleaning, dyeing and pressing companies, shoeshining parlor and hat cleaning establishments, restaurants or eating places, plumbers and gas fitters, *construction firms* or *companies,* non-resident wholesale tobacco dealers and non-resident wholesale liquor dealers, said amended sections and new sections to read as follows:

\*      \*      \*      \*      \*      \*      \*      \*      \*

## "Construction Firms or Companies.

"184. Any *person,* firm or corporation accepting orders or contracts for doing any work on or in any building or structure, requiring the use of paint, stone, brick, mortar, wood, cement, structural iron or steel, sheet iron, galvanized iron, metallic piping, tin, lead, electric wiring or other metal, or any other building material, or who shall accept contracts to do any paving or curbing on sidewalks or streets, public or private property, using asphalt, brick, stone, cement, wood or any composition, or who shall accept an order for or contract to excavate earth. or other material for foundations or any other purpose, or who shall accept an order or contract to construct any sewer of stone, brick, terra-cotta or other material, shall be deemed to be carrying on the business of construction.

"Each foreign construction company, firm or *person* with its chief office outside of this State, operating or doing business in this State, directly or by agent, or by subletting contract, shall before doing so, take out a license therefor and pay an annual license fee of $50.00 if operating in the City of Baltimore, and the like amount of $50.00 in each county of this State in which said *person,* firm or corporation shall operate.

"Each resident *person,* firm or domestic construction company and each foreign construction company, having its chief office in this State, who shall carry on the business of construction as mentioned in this section, shall, before doing so, first take out a license therefor and pay an annual license fee of $10.00, if operating in the City of Baltimore, and the like amount of $10.00, if operating in each county of this State in which said *person,* firm or domestic corporation shall operate, provided, however, this section shall not apply to *persons,* firms or corporations doing a construction business the gross amount of whose orders accepted and executed does not exceed five thousand dollars ($5,000) per annum."

Naturally the first question that would seem to arise would be whether Section 184 is unconstitutional because it imposes on a non-resident a higher license fee than is exacted of a resident, and, therefore creates such a discrimination between residents and non-residents as is forbidden by the Constitution of the United States.

The appellee, however, practically concedes that this question cannot be raised by him since, being a resident and a party not discriminated against, he cannot take advantage in this Court of that point for his rights are not affected. This Court has adopted this rule in several cases, and it is not open to question now. *Steel Co.* v. *Equitable Society,* 113 Md. 77; *Bettendorf Axle Co.* v. *Field,* 114 Md. 487; *Joesting* v. *Baltimore,* 97 Md. 594; *Phinney* v. *Sheppard and Enoch Pratt Hospital,* 88 Md. 639; *Red River Valley Bank* v. *Craig,* 181 U. S. 558; *Lampasas* v. *Bell,* 180 U. S. 283.

The appellee does contend, however, that Section 184 is void because in conflict with Section 29 of Article 3 of the Maryland Constitution, requiring that every law shall embrace but one subject and that shall be described in its title. The point is that the title of the Act in describing to what businesses the Act shall apply, mentions among other businesses—"construction firms or companies"—while in the section under consideration, the provisions are made applicable to any "person, firm or corporation."

There have been many decisions of this Court explaining, upholding and enforcing this section of the Constitution, and it has always been regarded as one of the wisest provisions of that instrument for protecting the public from vicious legislation.

We have not been able, however, to find any case which goes to the length here contended for, and we do not think there is any such case. We are of the opinion that the question is settled by Section 7 of Article 1 of the Code, being one of the rules of interpretation. It is as follows: "The singular always includes the plural, and *vice versa*, except where such construction would be unreasonable."

The word "firms," as used in the title, is the plural of "person" and, under the rule, includes it, if to so construe it is not unreasonable. That it is not unreasonable is apparent from the scope of the whole Act. In fact, it would be unreasonable to suppose that the Legislature, in providing for an increase in the revenues of the State, through additional license fees, would have intended to tax firms and corporations for the privilege of constructing buildings and at the same time allow individuals to exercise the same right free of cost.

We are of the opinion that the Act does not conflict with the Constitution in respect to the title and will therefore reverse the judgment for error in sustaining the demurrer.

*Judgment reversed, with costs to the State,*
*and case remanded.*