J. MAULSBY SMITH AND GEORGE A. FLEMING,
TRUSTEES; J. MAULSBY SMITH, EXECUTOR OF ADA
B. V. DICKSON, DECEASED,

*vs.*

STATE OF MARYLAND.

*Collateral inheritance tax. Deed of trust to pay sums to parties,
not lineal descendants, after death of grantor.*

Where a person makes a deed of trust, retaining the net
income of property for life and reserving power of revocation
and also power of testamentary disposition, and subsequently
executes a will giving pecuniary legacies to persons not lineal
descendants, it was *held,* that such legacies fall within the pro-
visions of Section 120 of Article 81 of the Code, and were sub-
ject to the collateral inheritance tax.                    p. 479

Where there has been a long and unbroken construction given
to a statute by the officers charged with its administration, courts
ordinarily will assume such construction to be correct, but mere
laxity in enforcement or misconception of the intent of the Act
by administrative officers will not be allowed to control the cor-
rect interpretation of the Act.                           p. 480

*Decided May 14th, 1919.*

Appeal from the Circuit Court of Baltimore City. (DOB-
LER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE,
BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and
ADKINS, JJ.

*John B. Deming* and *Charles McHenry Howard* (with a brief by *Whitelock, Deming & Kemp*), for the appellants.

*Ogle Marbury, Assistant Attorney General* (with *A. C. Ritchie, Attorney General,* on the brief), for the appellee.

By leave of Court, *Thomas A. Murray, Randolph Barton, Jr.,* and *Charles McHenry Howard* filed a brief for the residuary appointee, Laura A. Jessop Buck.

STOCKBRIDGE, J., delivered the opinion of the Court.

Two questions are involved in this appeal—one of which is of considerable importance and in regard to which no direct authority exists among the previous decisions of this Court. Decisions elsewhere based upon the phraseology of statutes adopted in the several States throw but little light upon the question dependent, as they are upon the language of the statutes adopted in each State. The facts out of which this case arises may be stated as follows:

On the 18th of November, 1915, Mrs. Ada B. V. Dickson executed a deed of trust to G. Maulsby Smith and George A. Fleming trustees, which deed declared trusts as follows:

"Now, therefore, this deed witnesseth, That in consideration of the premises and of the sum of one dollar, the receipt of which is hereby acknowledged, the said Ada B. V. Dickson does hereby grant, assign, transfer and convey unto the said J. Maulsby Smith and George A. Fleming, trustees, and the survivor of them, and the heirs and personal representatives of the survivor and their assigns, all of her estate and property, real, personal and mixed, of every kind and description and wherever located (saving and excepting only from the operation of this deed her clothing, jewelry and strictly personal effects).

"To have and to hold the same, nevertheless, for the following uses and purposes, and upon the following trusts, that is to say: to hold or invest the same in such manner as to the said trustees shall seem best, and to

collect the income from time to time arising therefrom, and after paying out of such income all proper expenses and charges, including the costs of administration of the trust and reasonable commissions to themselves, the said trustees to pay over the net income at regular stated periods in each year to the said Ada B. V. Dickson so long as she shall live, and at her death then in trust to divide the corpus or principal of the trust fund and property as then constituted among such persons and in such proportions as she, the said Ada B. V. Dickson, shall by last will and testament direct and appoint; but if she die without having exercised the power of testamentary appointment, then at her death in trust to divide the said corpus or principal among such persons as would by the then existing laws of the State of Maryland be entitled thereto as heirs at law and next of kin * * * In order to facilitate the management of the trust estate the said Ada B. V. Dickson does hereby grant to and confer upon the said trustees full power and authority in their discretion from time to time to sell, mortgage, lease, dispose of, assign or convey absolutely or otherwise the whole or any portion or portions of the property and estate conveyed to them in trust, and in the event of any such disposition of any portion thereof by the trustees in pursuance of the powers hereby conferred upon them, the proceeds of all such sales or other dispositions of any of the trust property shall be reinvested by them in such manner as they shall deem best, and shall be held by them or their successors, if any such there shall be, on the same trusts and for similar uses and with like powers in relation thereto as the property and estate so held and disposed of had been theretofore held. And the said Ada B. V. Dickson does hereby likewise confer upon said trustees full power and authority in their discretion to sell any portion of the trust property for the purpose of making any division required by the provisions of this deed, and does likewise authorize and empower them to make any division in kind of the trust estate or any part thereof

which may be requisite to carry into effect the provisions hereof. And she does hereby authorize and empower such trustees to execute, acknowledge and deliver all conveyances or instruments of writing which may be necessary to execute fully the powers conferred upon them, and does declare that purchasers from them shall not be liable to see to the application of the purchase money. And it is further hereby expressly declared that all powers conferred upon said trustees shall be exercisable to their full extent by their successors in the trust, if any such there shall be, but the said Ada B. V. Dickson hereby expressly directs the said trustees to administer the trusts of this deed under the supervision of one of the Courts of Equity in the City of Baltimore, and in the event that either of said trustees shall die or retire from the trusteeship, she authorizes and directs such court to appoint a new trustee in his room and stead, to the end that there may always be two active trustees in the trusteeship, it being the intention of these presents that there shall not at any time be a sole trustee of the trusts hereby created. But it is hereby declared to be one of the express conditions of this deed upon which it is executed and delivered that the said Ada B. V. Dickson may at any time after the expiration of one year from the date hereof revoke the same and absolutely terminate the trusts hereby created, and power so to do is hereby expressly reserved to her, such revocation to be evidenced by a deed to be signed and acknowledged by her and recorded among the Land Records of Baltimore City, a duly certified copy of the deed of revocation to be filed in the trust estates proceedings in equity hereinbefore directed to be taken and instituted."

On the 21st of December, 1916, in exercise of the reserved power mentioned in the deed, Mrs. Dickson executed a will which, in terms, recited that it was to be taken and considered as a complete execution of all the powers of testamentary appointment reserved under the deed. This will con-

tained fifteen clauses making disposition of the property of Mrs. Dickson, and by the 16th clause she appointed J. Maulsby Smith her sole executor, and authorized him to make sale of any of her property for the purpose of paying any debts and the several pecuniary legacies bequeathed in the first fifteen paragraphs. She then directed her executor to

> "pay all collateral or other inheritance taxes out of my estate, to the end that each legatee above named may receive free of any such tax the full amount of his or her legacy hereinbefore given."

On the 29th of August, 1918, Mrs. Dickson executed a codicil to the will by which she gave to the said J. Maulsby Smith, in addition to the pecuniary legacy contained in her will, a specific legacy of a particular painting, and the amounts given to some of the legatees were changed chiefly by adding thereto. The 12th clause of the codicil contained the following proviso:

> "Twelfth: I hereby direct my executor named in my said will to pay out of the residue of my estate any and all collateral, inheritance, succession, or other like tax or taxes, Federal, State or Municipal, upon each of the legacies given and bequeathed both in this codicil and in my said will, to the end that each legatee named may receive free of any tax the full amount of his or her respective legacy."

Mrs. Dickson died on the 1st of February, 1919. She left estate, real and personal, amounting in the aggregate to $196,-593.27. The pecuniary legacies contained in her will and codicil aggregate $165,000.00, leaving for the payment of any debts which may have been due by her, the costs of administration, taxes, and for the residuary legatee, the sum of $31,595.27.

The pecuniary legacies already referred to were not to persons in the line of lineal descent to Ada B. V. Dickson, and the important question now presented is, were these legacies liable for the collateral inheritance tax due the State, or,

inasmuch as the legal title to the property passed from Mrs. Dickson to the trustees under the deed, was there no liability for any tax whatever. The section of the Code dealing with this is section 120 of Article 81, and is in the following language:

"All estates, real, personal and mixed, money, public and private securities for money of every kind passing from any person who may die seized and possessed thereof, being in this State, or any part of such estate or estates, money or securities, or interest therein, transferred by deed, will, grant, bargain, gift or sale, made or intended to take effect in possession after the death of the grantor, bargainor, devisor or donor, to any person or persons, bodies politic or corporate, in trust or otherwise, other than to or for the use of the father, mother, husband, wife, children and lineal descendants of the grantor, bargainor or testator, donor or intestate, shall be subject to a tax of five per centum in every hundred dollars of the clear value of such estate, money or securities; and all executors and administrators shall only be discharged from liability for the amount of such tax, the payment of which they be charged with, by paying the same for the use of this State, as hereinafter directed; provided, that no estate which may be valued at a less sum than five hundred dollars shall be subject to the tax imposed by this section."

The nature of the tax thus imposed by the Legislature has been several times stated in previous decisions of this Court; see *State* v. *Dalrymple,* 70 Md. 298; *Fisher* v. *State,* 106 Md. 117. No question is raised here as to the property being outside of the State, but it is urged that inasmuch as Mrs. Dickson was not seized and possessed of the property at the time of her death, but had conveyed it in 1915, the section of the Code does not apply. To give effect to this contention would be to point out an easy way of evading the intent and plain provision of the statute and would ignore entirely the

words in the statute: *"transferred by deed,* will, grant, bargain, gift or sale made or intended to take effect, in possession after the death of the grantor, bargainor, devisor or donor." What the deed discloses upon its face is that Mrs. Dickson by the deed already referred to reserved (1) a power of revocation at any time after a specified period; (2) a power of testamentary disposition; and (3) that while she had parted with the legal title, the beneficial use and enjoyment of the property was to continue in her down to the time of her death, and if she exercised the power of testamentary disposition contained in the deed, any beneficial use or enjoyment of it would not accrue to anyone except herself until after her death. This case is in no way concerned with any question of a gift *causa mortis.*

Mrs. Dickson by the deed had reserved to herself both a power of revocation, a power of testamentary disposition and the beneficial use of the property during her life. She did not revoke the deed, but continued to enjoy the beneficial use, and then exercised her power of testamentary disposition, which, of course, could only take effect after she had departed this life.

The case so presented differed radically, therefore, from the cases of the *State* against *Dalrymple,* 70 Md. 298; *Fisher* v. *The State,* 106 Md. 117; *De Bearn* v. *Winans,* 111 Md. 434, 472, and other cases cited by counsel. Upon careful consideration of all these authorities and the examination of a number of others, this Court deems it clear that the purpose of Mrs. Dickson was to retain a beneficial interest in herself throughout her life, disposing of it after her life by means of the reserved power of disposition, and that so far as the beneficiaries, other than herself, were concerned, it was not intended to take effect until after her death, and it therefore falls directly within the provisions of the Code, Art. 81, section 120.

There is one remaining point in this connection to be noted. Much stress was laid on the fact that by a long course of construction, under circumstances similar to those which obtain

in this case, there had never been any attempt upon the part of the State to collect the collateral inheritance tax. It is perfectly true that the original Act imposing taxation of this class was passed in 1844, but the direct question of an attempt to impose and collect the tax under circumstances like those presented does not appear to have been raised in this Court until the present case. It is perfectly true that where there has been a long and unbroken construction given to a statute by the officers charged with the administration of particular laws, the Court will ordinarily assume such construction to have been the correct one, but such an assumption in the present case would require the Court to eliminate from the statute the clear language of the Act: "transferrd by deed, will, grant, bargain, gift or sale made or intended to take effect in possession after the death of the grantor," etc. That this Court can not do, but when the question is presented to it of a laxity in enforcement, or misconception of the intent of the law by administrative officers whose duty it was to carry out the Act of the Legislature, such omission or misconception of clear statutory provisions can not be allowed to stand in the way of giving to the Act of the Legislature the proper interpretation.

The remaining question which was suggested by the argument was the fund from which the money was to be paid, if the tax was valid. It is entirely clear what the intent of the testatrix was from the quotation made already from her will and codicil. It is true that the decree appealed from might have been a little clearer in its phraseology, but that is a verbal matter only and will occasion no practical difficulty in the conduct of the executors and trustees. The decree appealed from will therefore be affirmed.

*Decree afflrmed, costs to be paid by the trustees out of the estate in their hands.*