ATKINSON, Police Commissioner, *v.* SAPPERSTEIN

[No. 38, October Term, 1948 (Adv.)]

302

304

*Decided July 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Hall Hammond, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* for the appellant.

*Max R. Israelson* for the appellee.

COLLINS, J., delivered the opinion of the Court.

The appellee, Earl Sapperstein, filed an amended bill of complaint in Circuit Court No. 2 of Baltimore City against Hamilton R. Atkinson, Commissioner of Police of Baltimore City, appellant, in which he alleged that his occupation was that of buying ice cream to sell or offer to sell from a motor vehicle in Baltimore City and in Kent County. He alleged that the provisions of Sections 24 and 25 of Article 56, 1939 Code, (Licenses), sub-head, "Hawkers and Peddlers", are unconstitutional and void. He also made the following allegations.

Hamilton R. Atkinson, appellant, is charged with the duties of enforcing the above code provisions within Baltimore City and in the earnest pursuance of said duty, on April 8, 1948, issued an order to all captains of the Baltimore Police Force to arrest those persons violating the above sections of the code. Pursuant to said order, the appellant has caused the arrest of several persons, engaged similarly with the appellee, for failure to pay the license fee provided. The appellee had obtained his license for the period expiring on April 30, 1948, but would be subject to prosecution if he failed to renew this license by May 1st, 1948. The action of the appellant is improper and illegal because the aforesaid sections are unconstitutional and void.

Appellee prayed that a declaratory decree be passed declaring Sections 24 and 25 of Article 56, *supra*, invalid and void. He also asked that a writ of injunction be issued restraining and enjoining the appellant and his subordinates from any action or actions arising from the provisions of Sections 24 and 25, *supra*, until such time as a final judicial decision upon the questions raised is rendered, and for other and further relief.

The court ordered the preliminary injunction as prayed. A demurrer was filed to the amended bill by the appellant. This demurrer was overruled on May 27, 1948, and appellant ordered to answer. From that order the appellant appeals.

By Chapter 328 of the Acts of 1933, Sections 26 and 27 of Article 56, were repealed and re-enacted exempting Kent County from the provisions of the "Hawkers and Peddlers License." For convenience we will number these sections 24 and 25, which follow:

24. "No hawker or peddler shall buy for sale out of the State, or buy to trade, barter or sell, or offer to trade, barter or sell within the State any goods, wares or merchandise until he shall have first taken out a license for that purpose, but nothing in this section shall apply to hawkers and peddlers of oysters and fish in their unpreserved and natural condition, or of fruits and vege-

tables perishable in their nature that are sold in their natural condition in this State. This section not to apply to Prince George's, Anne Arundel, Kent nor Cecil Counties, as to which special local law exists."

25. "For every such license there shall be paid the following rates, to wit: For every license to travel on foot, the sum of one hundred dollars; to travel with a horse or other beast of burden and wagon or other vehicle, the sum of one hundred and fifty dollars; with two horses or other beast of burden and wagon or other vehicle, the sum of two hundred dollars; and with a motor truck or motor vehicle of any description whatsoever, the sum of three hundred dollars. This section not to apply to Anne Arundel, Prince George's, *Kent* nor Cecil counties."

By Chapter 219 of Acts of 1935, the last sentence of Section 25, *supra,* was stricken out and the following added:

"Provided that the license to travel with a motor truck or motor vehicle of any description shall be one hundred dollars for residents of Garrett County. This section not to apply to Anne Arundel, Prince George's nor Cecil counties."

By Chapter 216 of the Acts of 1937, the last sentence of Section 24, *supra,* was stricken out and the following added:

", or to licensed merchants or traders in Allegany County who have maintained regular places of business for not less than five years and who deliver goods, wares or merchandise to regular customers or others with or without prior orders. This section not to apply to Prince George's, Anne Arundel nor Cecil Counties, as to which special local law exists."

Sections 24 and 25 of Article 56 of the 1939 Code are therefore the same as those provided by Chapter 328, of the Acts of 1933, as amended by Chapter 219 of the Acts of 1935, *supra,* and Chapter 216 of the Acts of 1937, *supra.*

In *Brown v. State,* 1939, 177 Md. 321, 9 A. 2d 209, in which the constitutionality of these same sections, Sections 24 and 25 of Article 56, (1939 Code), was attacked, this Court held them constitutional.

In order to establish the unconstitutionality of these sections, appellee makes numerous contentions. We will not discuss them in the same order in which they are presented in his brief.

1. ·Appellee strenuously contends that Section 25 of Article 56, *supra,* is invalid because without reasonable or justified classification the residents of Garrett County are granted a privilege, immunity or preference above that afforded to the residents of nineteen other counties and Baltimore City. He further contends that Section 24 of Article 56, *supra,* is invalid because without reasonable or justified classification it affords unto the merchants or traders in Allegany County, who come within the exemption, a privilege, immunity or preference above that afforded to the merchants or traders in other counties in the State and Baltimore City. The appellee here is complaining because he is taxed in Baltimore City and Kent County while residents of Garrett County are taxed at a lower rate and certain specified licensed merchants and traders in Allegany County are exempt. If either the Act of 1933 or the Act of 1935 is invalid, then the prior law is in force and is applicable to transactions in Allegany or Garrett County or citizens of Garrett County, as the case may be. In such event, the appellee's remedy lies not in attempting to be relieved of the tax himself, but in restraining the proper taxing official from allowing the invalid exemption to others. It was said by this Court in the case of *Baltimore Steam Packet Co. v. Mayor & City Council of Baltimore,* 161 Md. 9, at page 22, 155 A. 158, 163: "Upon a full consideration of the contentions of the appellant, it would seem that its real complaint is that it is now taxed, while competitors are exempt, resulting in a pecuniary advantage to the competitors over it to the extent of the tax which it is required to pay. If this be true, its remedy lies, not in

attempting to be relieved of the tax itself, but in restraining the proper taxing officials from allowing the exemption to its competitors. Every taxpayer has a financial interest in seeing that all property in the state, properly the subject of taxation, should be taxed, because, by increasing the taxable basis, the rate necessary for the production of the expenses of the state and local governments will be reduced, and the individual's tax correspondingly lowered. Such a proceeding was approved by this court in *Schley v. Lee,* 106 Md. 390, 67 A. 252." *Board of Commissioners of Anne Arundel County v. Buch,* 190 Md. 394, 396, 58 A. 2d 672, 675. The bill alleges that the appellee does business in Baltimore City and Kent County. He does not allege that he does business in Allegany County or that any resident of Garrett County is licensed in Baltimore City at the $100.00 rate. It is a well known principle of law that one whose rights are not affected by a statute cannot raise the question of its constitutionality. *Pittsburgh Steel Co. v. Baltimore Equitable Society,* 113 Md. 77, 78, 84, 77 A. 255, affirmed by the Supreme Court of the United States in 226 U. S. 455, 33 S. Ct. 167, 57 L. Ed. 297; *Bettendorf Axle Co. v. Field,* 114 Md. 487, 494, 79 A. 724; *State v. Case,* 132 Md. 269, 272, 103 A. 569. Therefore, Point 1, *supra,* cannot be raised by the appellee. The Allegany County provision clearly is not applicable to transactions in Baltimore City. We express no opinion as to the validity of the Garrett or Allegany County provision or the construction of the former.

2. Appellee contends that as there has been an ordinance in effect in Baltimore City for more than fifty years, validly enacted under specifically expressed authority granted by the Legislature to Baltimore City, providing for the licensing and taxing of hawkers and peddlers, a public general law which does not specifically repeal the local enactment does not apply within the limits of Baltimore City. Article 25, Sections 46 and 47, of the 1927 Edition of the Baltimore City Code, makes it unlawful for a hawker or peddler to operate in Baltimore City

without a license from the Bureau of Receipts of Baltimore City. The cost of said license in some instances is $5.00 and in other instances is $2.00. With this contention of the appellee, we cannot agree. Sections 24 and 25 of Article 56, *supra,* appear to have been first enacted by Chapter 341 of the Acts of 1856, as amended, while Sections 46 and 47 of Article 25 of the Baltimore City Code, *supra,* were first enacted on April 15, 1890. Article 56, Section 8A, 1947 Supplement of the Code, Chapter 791 of the Acts of 1941, as amended by Chapter 963 of the Acts of 1943, provides:

"Except as otherwise expressly provided in this Article, no county, city or other political sub-division of this State shall require any person, firm or corporation to obtain a permit or license to transact in such county, city or other political sub-division, any business or occupation for which it or he is required to obtain a State license under the provisions of this Article, nor shall any county, city or other political sub-division of this State levy any occupational tax or fee upon such person, firm or corporation for transacting any such business or engaging in any such occupation for which such State license is required. Notwithstanding the provisions of this section, any county, city or other political sub-division of this State may require permits or licenses to be obtained where necessary for regulatory purposes in the interest of the public health, safety or morals. The provisions of this section shall not be deemed to be repealed by any local Act hereafter passed unless expressly referred to and expressly repealed in terms. Provided, however, that the provisions of this section shall not apply to Prince George's County."

Therefore under the provisions of that section, if there is any conflict or any inconsistency between the City ordinance and the State law, which it is not necessary for us to decide in this case, Article 56, Section 8A, *supra,* repealed the City ordinance aforesaid.

3. Appellee alleges in the seventh paragraph of his bill of complaint that the requirements of Article 56,

Sections 24 and 25, *supra,* have been disregarded throughout the State by practically all the law enforcement agencies, charged with their enforcement, not out of an intent to flout the pronouncements of the Legislature, but because of their recognition that the enactments are unreasonable and invalid. He contends that for the purpose of demurrer this statement must be admitted as true, and the fact that the administrative officers of the entire State, charged with enforcement, failed to enforce these statutes, is entitled to the force of law. Appellee strongly relies on the case of *Arnreich v. State,* 150 Md. 91, 132 A. 430. In that case the defendant, who operated a stall in the Lexington Market in Baltimore City, was convicted under Section 42 of Article 56 of the Annotated Code of 1924, for selling goods without a license. Under that code provision a "manufacturer" was exempt. The defendant claimed that in preparing goods for sale he became a manufacturer and was therefore exempt from the statute and that such an interpretation had been put on the statute by the administrative authorities for many years. This Court in that case held, that although the Court was of the opinion that he was not a manufacturer, his conviction should be reversed. It was said in that case at page 103 of 150 Md., at page 435 of 132A: "What is now section 42 of article 56 of the Code was originally enacted by chapter 414 of the Acts of 1858, and subsequently amended by the Acts of 1880, c. 349; and the Legislature, by making the Code of 1888 not only evidence of the law, but *the* law, again passed on this section and acquiesced in and practically ratified the contemporaneous administrative construction placed upon the statute, and that at a time when we must presume the Legislature had knowledge of the construction placed upon the statute by the executive or administrative officers of the State, and which construction permitted persons in the position now occupied by the appellants to sell articles of food from stalls in the Baltimore City market without obtaining a traders' license."

In the case at bar the appellee is not contending for an interpretation of the statutes here in question. He is asking this Court to declare them null and void because he alleges that the law enforcement agencies have not enforced them. It is one thing to interpret a statute according to the way it has been administered. It is entirely a different thing to declare a statute null and void on account of its total non-enforcement. In *Arnreich v. State, supra,* the administrative authorities interpreted the statute there in question to exempt those who operated stalls in the markets. The provisions of the code here in question have been amended many times by the Legislature, as late as the year 1937. We cannot say, as was said in *Arnreich v. State, supra,* that the Legislature has acquiesced in an administrative declaration that these provisions are invalid. The instant case comes within the limitation of the rule set out in *Arnreich v. State, supra,* where the Court said at pages 105 and 106 of 150 Md., at page 436 of 132 A: "We are not unmindful of the limitation upon this rule as expressed in the case of *Smith v. State,* 134 Md. 473, [480], 107 A. 255, in which it was said: 'When the question is presented to it of a laxity in enforcement, or misconception of the intent of the law by administrative officers whose duty it was to carry out the act of the Legislature, such omission or misconception of clear statutory provisions cannot be allowed to stand in the way of giving to the act of the Legislature the proper interpretation.' This limitation, as thus expressed, is supported by the great weight of authority."

In *Brown v. State,* 177 Md. 321, 9 A. 2d 209, *supra,* where these same sections were attacked and where it was attempted to show that there had been no enforcement under these sections in Baltimore City, this Court said at page 332 of 177 Md., at page 214 of 9 A. 2d: "The Court finds the offered evidence of previous failure of the police of Baltimore to enforce this law against the ice cream vendors properly excluded. The law is one for the whole state, and for a method of trading which exists

throughout the state, and the practice of the Baltimore police would not be sufficient to fix its applicability. The practice may have been due to a local misconception, although the advice of Attorney Generals of the State since 1921, which the record shows to have been given to the police as well as to license clerks and others, leaves little room for that explanation. See *Arnreich v. State,* 150 Md. 91, 106, 132 A. 430." We find from the allegations of the bill that the appellee himself has in the past obtained the license here in question. It is hardly reasonable to suppose that he would have obtained the license if it were generally understood by the law enforcement agencies that the enactments were invalid. The allegations by the appellee, therefore, are conflicting on this point.

4. Appellee further contends that Section 25 of Article 56, *supra,* is invalid because the title to Chapter 600, Acts of 1920, inadequately described the change intended to be made by the Legislature in violation of Article III, Section 29, of the Maryland Constitution, a part of which follows:

"The style of all laws of this State shall be, 'Be it enacted by the General Assembly of Maryland,' and all laws shall be passed by original bill; and every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title; and no law, or section of law, shall be revived or amended by reference to its title or section only; nor shall any law be construed by reason of its title to grant powers or confer rights which are not expressly contained in the body of the Act; and it shall be the duty of the General Assembly, in amending any article or section of the Code of Laws of this State, to enact the same as the said article or section would read when amended."

Chapter 600 of the Acts of 1920, *supra,* which repealed and re-enacted Section 25 of Article 56, had the following title: "An act to repeal and re-enact with amendments Section 25 of Article 56 of the Annotated Code of Maryland, title 'Licenses,' sub-title 'Hawkers and Ped-

dlers,' including motor vehicles among vehicles used in peddling." The following words were added to Section 25 by that Act: "and with a motor truck or motor vehicle of any description whatsoever, the sum of $300.00." Appellee claims because there is no indication in the title to show that the fee for motor vehicles was to be substantially higher than that provided for other vehicles, that the title is misleading and not sufficiently clear and comprehensive to reasonably cover the provisions of the statute. It was said by Chief Judge Bond in the case of *Buck Glass Company v. Gordy*, 170 Md. 685, at page 688, 185 A. 886, 887: "A title which is descriptive to some extent must go far to fix the understanding of its purpose among legislators and interested members of the public. 'Bills are sometimes read, especially the first time, by their titles only, and the titles only are spread upon the journal.' *Stiefel v. Maryland Institution for [Instruction of] Blind*, 61 Md. 144, 148. And it is the main purpose of the constitutional provision to prevent enactment under a misconception by reason of a misdescriptive title. 'The object of the requirement of the Constitution is that legislators and the public may be informed by the title of the general nature of the provisions proposed to be enacted.' *Levin v. Hewes*, 118 Md. 624, 632, 86 A. 233, 235. It follows that a restriction in the title must either confine the operation of the act to conform to that description, if such a construction is possible, or render the act void to the extent of the conflict. *Scharf v. Tasker*, 73 Md. 378, 383, 21 A. 56; *Luman v. Hitchens Bros. Co.*, 90 Md. 14, 44 A. 1051, 46 L. R. A. 393; *Weber v. Probey*, 125 Md. 544, 551, 94 A. 162." It must be assumed that the members of the Legislature and the public were aware of the provisions of the statute before the amendment of 1920. Before that change there were different rates for each license. For instance, the charge "to travel with a horse or other beast of burden and wagon or other vehicle" was $150.00, while "with two horses or other beast of burden and wagon or other vehicle" the charge was

$200.00. There was, therefore, no reason for any member of the Legislature or of the public to assume that when the motor vehicle was included the fee would not be higher than that charged when the other vehicles were used.

Every presumption favors the validity of a statute. It was said by this Court in *McGlaughlin v. Warfield*, 180 Md. 75, at page 78, 23 A. 2d 12, 13: "In accordance with the great weight of authority in this country, this Court has consistently held that the purpose of the constitutional provision here invoked is sufficiently complied with if the title of the proposed legislation fairly advised the General Assembly, and the public, of the real nature, and subject matter, of the legislation sought to be accomplished, and in testing conformity of a title of a statute to constitutional requirements that the subject should be described in the title, the Courts are disposed to uphold rather than to defeat the statute, and since every presumption favors the validity of a statute, it cannot be stricken down as void, unless it plainly contravenes a provision of the Constitution; a reasonable doubt in its favor is enough to sustain it." Many cases are there cited to sustain this rule. We cannot say that such a misconception resulted by reason of a misdescriptive title as to render this amendment by Chapter 600 of the Acts of 1920 void.

5. Appellee, who alleges that he does business in Kent County, contends that while Chapter 328 of the Acts of 1933 specifically excluded Kent County, together with Anne Arundel, Prince George's and Cecil, the Act of 1935, Chapter 219, added the preference given citizens of Garrett County but omitted Kent County from the group exempted, although there was no indication in the title of the Act that the law was to apply to Kent County, which had previously been exempted, and therefor is unconstitutional and void under the Constitution of Maryland, Article III, Section 29, *supra*. It must be also noted that Chapter 216 of the Acts of 1937 did not exempt Kent County and that there was no indication in the title that the Act was to

apply to Kent County, which had previously been excluded.

The appellee alleges that in doing business in Kent County he "is illegally and unconstitutionally subjected to prosecution" under Sections 24 and 25 of Article 56, *supra*, which he claims are invalid and void. He does not allege that he or any other persons have been arrested or threatened with arrest in Kent County for failing to pay the license fee nor does he allege that he has not taken out a license in Kent County, as required by these sections. Furthermore, the only defendant in the case is Commissioner of Police of Baltimore City, who has no jurisdiction in Kent County to either enforce the law or collect the license fee or issue the license here in question. It therefore clearly appears that Point 5, *supra*, is not properly before this Court and we are therefore unable to pass upon that question. It is well established law in this State that unless there be an actual controversy or at least a potential controversy and the persons to the controversy made parties, a declaratory decree cannot be sustained. *Saunders v. Roland Park Co.*, 174 Md. 188, 193, 198 A. 269; *Carolina Street Permanent Building Association No. 1 v. Sohn*, 178 Md. 434, 442, 13 A. 2d 616; *United Slate Tile and Composition Roofers, Damp and Water Proof Workers Ass'n Local No. 80 et al. v. United Brotherhood of Carpenters et al.*, 185 Md. 32, 36, 42 A. 2d. 913; *Ryan v. Herbert*, 186 Md. 453, 47 A. 2d 360; *Staley v. Safe Deposit & Trust Co.*, 189 Md. 447, 56 A. 2d 144; Code, 1947 Supplement, Article 31A, Sections 6 and 11.

We must therefore hold that the demurrer to the bill of complaint should have been sustained.

*Decree reversed, with costs, and bill of complaint dismissed.*