Filed:   October 16, 1997

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 96-2637
(CA-96-277-CCB, BK-93-2122-5-JS)

Governor Plaza Associates,

Plaintiff - Appellant,

versus

Patrick A. Butcher, et al,

Defendants - Appellees.

O R D E R

The Court amends its opinion filed September 15, 1997, as
follows:

On page 4, fourth full paragraph, line 1 -- "Government Plaza"
is corrected to read "Governor Plaza."

For the Court - By Direction

/s/ Patricia S. Connor

Clerk

**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: PATRICK A. BUTCHER; In Re:
LISA A. BUTCHER,
Debtors.

GOVERNOR PLAZA ASSOCIATES,
Plaintiff-Appellant,

v.

No. 96-2637

PATRICK A. BUTCHER; LISA A.
BUTCHER,
Defendants-Appellees,

v.

STATE OF MARYLAND; UNITED STATES
OF AMERICA,
Parties in Interest-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-96-277-CCB, BK-93-2122-5-JS)

Argued: June 4, 1997

Decided: September 15, 1997

Before RUSSELL and NIEMEYER, Circuit Judges, and
TILLEY, United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by published opinion. Judge Niemeyer wrote the opinion,
in which Judge Russell and Judge Tilley joined.

**COUNSEL**

**ARGUED:** Michael Jay Schwarz, LAW OFFICES OF MICHAEL J. SCHWARZ, Baltimore, Maryland, for Appellant. Joel Ira Sher, SHAPIRO & OLANDER, Baltimore, Maryland, for Appellees. **ON BRIEF:** Sandra A. Manocchio, SHAPIRO & OLANDER, Baltimore, Maryland, for Appellees Butcher; J. Joseph Curran, Jr., Attorney General of Maryland, Susan A. Griisser, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Baltimore, Maryland, for Appellee State of Maryland.

_____

**OPINION**

NIEMEYER, Circuit Judge:

The issue presented in this case is whether debtors in a Maryland bankruptcy may exempt from their bankruptcy estate the proceeds of a structured settlement of their personal injury claims. Because Maryland has, pursuant to 11 U.S.C. § 522(b), opted out of the exemptions provided by the Bankruptcy Code, see Md. Code Ann., Cts. & Jud. Proc. § 11-504(g), the resolution of this issue requires us to determine whether Maryland exempted such settlements in Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2).

A creditor of the bankruptcy estate challenged the constitutionality of the state-defined exemption, both facially and as applied, because it violated a "reasonableness" limitation imposed by Article III, § 44, of the Maryland Constitution. Both the bankruptcy court and the district court rejected this challenge, and we affirm.

I

In August 1980, when Patrick Butcher examined a propane water heater in the basement of his home, it exploded, causing second and third degree burns across 85% of his body. Butcher sustained permanent disfiguring and psychological injuries, and he continues to experience physical and psychological pain. Butcher's wife and son, who witnessed his injury, also suffer from psychological injury. Butcher's

treatment involved numerous plastic surgeries, and his economic damages exceeded $800,000.

The Butchers, contending that the water heater was defectively manufactured, sued its manufacturer for compensatory and punitive damages. In settlement of that claim, the manufacturer's insurance company, Travelers Indemnity Company, agreed to pay the Butchers a lifetime income on a monthly basis that totals about $250,000 each year. The 1993 present value of that structured settlement is estimated to be $4.5 million.

While the suit against the manufacturer alleged both compensatory and punitive damages, the settlement agreement did not state the basis for payment nor did it allocate an amount to either category of damages. Rather the settlement agreement stated:

> [T]his settlement is a compromise of a disputed claim, and . . . the payment made is not to be construed as an admission of liability on the part of [the manufacturer] and [the manufacturer] denies liability and intends merely to avoid litigation but does deny all liability.

In 1993, Mr. and Mrs. Butcher filed a voluntary petition in bankruptcy to reorganize their affairs under Chapter 11 due to the financial collapse of their health club business. In their bankruptcy petition, they sought to exempt from the bankruptcy estate the proceeds of their personal injury settlement, as permitted by the Maryland exemption statute, Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2).

Governor Plaza Associates, a creditor who provided financing for the health club and to whom the Butchers gave personal guarantees, filed an exception to the exemption which, it observed, would essentially shield most of the Butchers' assets from their creditors. Governor Plaza contended that at least part of the personal injury settlement was made in respect of the Butchers' punitive damage claim and therefore was not subject to a statutory exemption. Governor Plaza also argued that the Maryland exemption statute was unreasonable and therefore unconstitutional because it had no dollar limitation. They argued alternatively that even if a reasonableness requirement was read into the exemption statute, the $4.5 million exempted in this

3

case was unreasonable and in violation of the Maryland Constitution which authorizes laws exempting only reasonable amounts.

The bankruptcy court found that the personal injury settlement was reasonable compensation for the serious personal injuries sustained by the Butchers and that none of the proceeds were attributable to punitive damages. The court also rejected all of Governor Plaza's arguments challenging the constitutionality of the exemption statute. The district court affirmed, and this appeal followed.

II

Governor Plaza's principal argument on appeal centers on its contention that Maryland's exemption statute is facially unconstitutional under Article III, § 44, of the Maryland Constitution and, alternatively, that even if the statute is constitutional, its application to exempt the $4.5 million settlement in this case violates the reasonableness requirement of the Maryland Constitution. Before addressing directly these arguments, it will be useful to provide a statutory background.

The Bankruptcy Code authorizes a debtor in bankruptcy to exempt from the bankruptcy estate either the property listed in 11 U.S.C. § 522(d) or, if the state elects to opt out of that provision, property exempted by the state. See 11 U.S.C. § 522(b). Maryland has opted out of the federal exemptions and has provided its own. See Md. Code Ann., Cts. & Jud. Proc. §§ 11-504(b) & (g). Included in the list of property that Maryland exempts is:

> Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief.

Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2).

Governor Plaza argues first that because this statutory exemption contains no "reasonableness" limitation, it is unconstitutional under the Maryland Constitution which provides in pertinent part:

4

> Laws shall be passed by the General Assembly, to protect from execution a reasonable amount of the property of the debtor.

Md. Const. art. III, § 44. Governor Plaza thus contends that because § 11-504 is unconstitutional, it is an ineffective effort by the state to exercise its option granted by federal law.

While it is readily apparent that the Maryland statute does not contain an express limitation of "reasonableness," we consider it undoubtedly accurate that the Maryland statute is to be read as providing an exemption only for reasonable compensation for personal injuries. In reaching this conclusion, we begin with the presumption that the Maryland legislature acted legally and in compliance with the Maryland Constitution which provides that the legislature shall exempt only reasonable amounts of property from execution. We can hardly attribute to the legislature an intent to exempt unreasonable amounts in violation of the Maryland Constitution in the absence of a plain and clear demonstration of the Act's invalidity. See, e.g., Wilson v. Board of Supervisors, 328 A.2d 305, 308 (Md. 1974); Salisbury Beauty Schools v. State Bd. of Cosmetologists, 300 A.2d 367, 374 (Md. 1973); see also Atkinson v. Sapperstein, 60 A.2d 737, 742 (Md. 1948) ("the Courts are disposed to uphold rather than to defeat the statute, and since every presumption favors the validity of a statute, it cannot be stricken down as void, unless it plainly contravenes a provision of the Constitution; a reasonable doubt in its favor is enough to sustain it"). Accordingly, when a statutory text admits of two interpretations -- one which conflicts with constitutional norms and renders the statute a nullity and one which does not -- Maryland courts adopt the reading of the statute which avoids the constitutional conflict and gives meaning to the text. See, e.g., Curran v. Price, 638 A.2d 93, 104-05 (Md. 1994); Schochet v. State, 580 A.2d 176, 181 (Md. 1990); Wilson, 328 A.2d at 308; see also 2A Norman J. Singer, Sutherland Statutory Construction § 45.11 (5th ed. 1992).

An interpretation of § 11-504 that reads reasonableness into the exemption is also supported by the language of the statute itself. In exempting "[m]oney payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings," Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2),

5

the statute intended to exempt only money due to and compensatory for sickness, accident, injury, or death. In so limiting the exemption, the legislature made manifest its objective of withholding from creditors funds necessary to recompense the debtor for injuries to his physical person, to make the debtor whole in the eyes of the law, and to restore human capital to the extent monetarily possible. Cf. Niedermayer v. Adelman, 90 B.R. 146, 148 (D. Md. 1988) (interpreting § 11-504(b) in the context of mental injury). If the exemption were construed to exempt unreasonable amounts, the money payable would no longer be attributable to or compensatory for personal injury. "Compensation" by definition aims at "making up, making good, or counterbalancing." Webster's Third New International Dictionary 463 (1961). Thus it implies a payment that counterbalances injury, intending that the amount of money be equal to the value of the injury, but no greater. The statutory text, accordingly, compels exemption only for those funds which fulfill this legislative objective. Indeed, it would be irrational to read the exemption to encompass funds which are not reasonably related to compensation for "sickness, accident, injury, or death." Such an interpretation would potentially allow any amount to be exempted regardless of its lack of connection to the events articulated in the statute. And the legislature is presumed not to have enacted futile laws or laws which generate such absurd results, but rather laws which fulfill the Constitution's requirements. See Romm v. Flax, 668 A.2d 1, 2 (Md. 1995); Dickerson v. State, 596 A.2d 648, 652 (Md. 1991); Kaczorowski v. City of Baltimore, 525 A.2d 628, 633 (Md. 1987); Kindley v. Governor, 426 A.2d 908, 911-12 (Md. 1981); Gravenstine v. Gravenstine, 472 A.2d 1001, 1010-11 (Md. Ct. Spec. App. 1984); see also 2A Singer, Sutherland Statutory Construction at § 45.12.

Finally, by reading reasonableness into the statute and thereby excluding unreasonable payments from exemption, we adhere to long-established canons of statutory interpretation followed both by the federal courts and the courts of Maryland. See, e.g., Standard Oil Co. v. United States, 221 U.S. 1, 60 (1911) (considering Congress to have intended an unspecified but "indubitably contemplat[ed] . . . standard of reason" to limit operation of the Sherman Antitrust Act); In re Taylor, 537 A.2d 1179, 1185 (Md. 1988) (interpreting the bankruptcy exemption for tools of one's trade to be limited to those "reasonably necessary" for one's profession despite the absence of the

6

word "reasonable" in the statutory text); see also 2A Singer, Sutherland Statutory Construction at §§ 45.11-12.

Governor Plaza relies on authority from several other jurisdictions that it contends have held that unlimited exemptions offend state constitutional prescriptions of reasonableness. Our review of these cases reveals that its reliance is not fully justified. In In re Hudspeth, 92 B.R. 827, 831 (Bankr. D. Ark. 1988), the court held merely that an Arkansas statute allowing exemption for the cash value of certain insurance policies violated that state's $500 constitutional limitation on exemptions. Likewise, in Citizen's Nat'l Bank v. Foster, 668 N.E.2d 1236, 1242 (Ind. 1996), the Indiana Supreme Court held a limitless exception for life insurance policy assets to be "constitutionally suspect" under a "reasonableness" requirement, but sustained its validity by reading in an exemption for "necessities of life." And in Estate of Jones, 529 N.W.2d 335, 337 (Minn. 1995), the Minnesota Supreme Court held unconstitutional under a reasonableness requirement an unlimited exemption for certain retirement plans. But that same court also held that an unlimited exemption for personal injury compensation was constitutional. See Medill v. State, 477 N.W.2d 703, 707-08 (Minn. 1991). In Medill, the court recognized, as we have here, that reasonableness is introduced into the exemption by the "inherent judicial limitations on the size of a compensatory damage award" and the fact that "no party will agree to an `unreasonable' settlement." Id. at 707.

In addition to its facial challenge of Maryland's exemption statute, Governor Plaza argues that the $4.5 million amount exempted in this case by the Maryland statute is an unreasonable application of the statute in violation of the Maryland Constitution. Their challenge on an as-applied basis, however, is little more than a challenge to the factfinding by the bankruptcy court that $4.5 million was reasonable for the injuries sustained. The bankruptcy court reviewed the injuries in some detail and concluded that Butcher's injuries were "absolutely life threatening, devastating, horrendous" and that "there is no amount of money that will make [the Butchers] whole." The bankruptcy court also concluded that the settlement amounts were entirely compensatory and not punitive. Because we cannot conclude that these findings are clearly erroneous, we cannot say that the exemption violates the

7

command of reasonableness given by Article III,§ 44, of the Maryland Constitution.

III

Governor Plaza advances two additional arguments for including the Butchers' settlement proceeds in the bankruptcy estate. We find neither persuasive.

It argues first that Maryland's 1986 limitation for noneconomic damages in personal injury cases, see Md. Code Ann., Cts. & Jud. Proc. § 11-108(b)(1) (limiting recovery for noneconomic damages to $350,000), should be considered when determining the reasonableness of the Butchers' 1983 settlement. The Maryland cap on noneconomic damages, however, was not enacted to define the reasonableness of an exemption as that term is used in the Maryland Constitution and as it applies to the Maryland exemption statute. Section 11-108 was enacted in response to a perceived crisis concerning the availability and cost of liability insurance in Maryland. See Murphy v. Edmonds, 601 A.2d 102, 114 (1992). The Maryland legislature concluded that "[a] cap on noneconomic damages may lead to greater ease in calculating premiums, thus making the market more attractive to insurers, and ultimately may lead to reduced premiums, making insurance more affordable for individuals and organizations performing needed services." Id. at 115. In regulating the amount of recovery for noneconomic damages, the Maryland legislature was merely exercising its power to "completely eliminate a cause of action for negligence or repeal whole categories of recoverable damages under recognized torts," Franklin v. Mazda Motor Corp., 704 F. Supp. 1325, 1333 (D. Md. 1989), and it was not defining what quantities for economic or noneconomic damages are reasonable. Moreover, we believe that the enactment of a cap on noneconomic damages in 1986 is simply irrelevant to whether a personal injury settlement based on a 1980 accident was reasonable.

Finally, Governor Plaza argues that in claiming the Maryland exemption for their personal injury settlement on schedule C of their bankruptcy petition, the Butchers cited § 11-504(b)(5) and not § 11-504(b)(2). Subsection (b)(5) provides a cash property exemption of up to $3,000, whereas subsection (b)(2) provides exemption for personal

8

injury compensation. In open court, the Butchers characterized their reference to (b)(5) instead of (b)(2) as a typographical error, and the bankruptcy court acknowledged the error, noting that all parties had been treating the claimed exemption as one for a personal injury settlement under subsection (b)(2). It therefore granted the Butchers leave to correct the record to refer to subsection (b)(2), which the Butchers did, although somewhat belatedly. We review the reference to subsection (b)(5) on the bankruptcy schedule as simply a mechanical error on which neither party relied and which was appropriately corrected. We can find no basis on which Governor Plaza can now rely on this error to its benefit.

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

9